826 F.Supp. 1221 (1993)
UNITED STATES of America, Plaintiff,
v.
Charles Daniel SOLOMON, Defendant.
No. 4:93 CR 15 SNL.
United States District Court, E.D. Missouri, E.D.
July 20, 1993.
Thomas Mehan, Asst. U.S. Atty., for plaintiff.
Brad Kessler, St. Louis, MO, for defendant.

ORDER
LIMBAUGH, District Judge.
The order and recommendation of the United States Magistrate Judge filed June 30, 1993 is now before the Court, and the plaintiff has not responded thereto.
IT IS THEREFORE ORDERED that the indictment is DISMISSED for the reasons set out in the United States Magistrate Judge's report and recommendation. The remainder of the order and recommendation is CONFIRMED.
IT IS FURTHER ORDERED that any and all other pending motions are determined to be MOOT in view of the dismissal of the indictment.
IT IS FINALLY ORDERED that any and all sureties and securities which may have been posted on defendant's bond are ordered to be released to the persons furnishing such security or surety interests.

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
NOCE, United States Magistrate Judge.
This action is before the Court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). A hearing was held on June 10, 1993.

1. Pretrial disclosure of evidence.
Defendant Charles Solomon has moved for disclosure of the identity of any informant, for disclosure of the statements of any co-conspirator, to compel disclosure of any evidence which is arguably suppressible, and for disclosure of consideration to any informant.
At the hearing, counsel for the parties advised the Court that the government has made available to the defendant the entire investigatory file of the government. Therefore, *1222 the discovery motions of the defendant will be denied as moot.
The United States has moved for reciprocal discovery and for disclosure of the statements of witnesses. At the hearing counsel for the defendant has stated that he will comply with his obligations to provide said discovery. These motions will be denied as moot.

2. Motion to dismiss.
Defendant has moved to dismiss the indictment for lack of jurisdiction. The indictment in this action charges defendant with two violations of 18 U.S.C. § 922(g)(1), occurring on August 20, 1991. On its face each of the two counts alleges all the essential elements of § 922(g)(1), i.e. that defendant (1) after having been previously convicted of an offense punishable by imprisonment for more than one year, (2) knowingly (3) possessed a firearm (4) which had been transported in interstate commerce. United States v. Williams, 941 F.2d 682, 683 (8th Cir.1991); Morgan v. United States, 564 F.2d 803, 805-06 (8th Cir.1977). Each count alleges a different firearm, but the same prior offense.
Defendant argues that the alleged prior offense in fact does not comply with the applicable legal definition of a prior offense for the purposes of § 922(g)(1). The prior offense alleged in the indictment is described thus:
On May 9, 1991, in the Circuit Court of the City of St. Louis, in Cause No. 901-1043 of the offense of Assault Second Degree a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri....
The parties agree that in Cause No. 901-1043, defendant Solomon pled guilty to assault second degree and that he received a suspended imposition of sentence. Thereafter, defendant was placed on probation for one year with no reporting requirements. Defendant argues that a felony plea of guilty which results in a suspended imposition of sentence is not a "conviction" under Missouri law. The government disagrees.
Section 922(g)(1) of Title 18, United States Code, provides:
It shall be unlawful for any person 
(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
* * * * * *
... to possess in or affecting commerce, any firearm....
The term "convicted" in § 922(g)(1) is explained in 18 U.S.C. § 921(a)(20):
What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
Thus, the issues before this Court are, first, how the law of Missouri defined "conviction" in 1991 and, second, whether defendant's felony plea followed by the suspended imposition of sentence was such a "conviction."
In State ex rel. Peach v. Tillman, 615 S.W.2d 514 (Mo.Ct.App.1981), a jury had found a physician guilty of a felony and assessed punishment at twelve years imprisonment. The trial court suspended the imposition of sentence and placed the defendant on probation for five years. During the period of probation the defendant moved to terminate the probation and for expungement of the records of the criminal action. In granting the motion, the trial court discharged the defendant from probation, ordered the charge dismissed, and ordered the relevant records expunged.
On appeal, the Missouri Court of Appeals considered that the suspension of imposition of sentence is not a final appealable judgment, because it is a suspension of proceedings before a final judgment is entered. Tillman, 615 S.W.2d at 517. Without citation, the Court of Appeals described the suspension of imposition of sentence thus: *1223 Suspension of imposition of sentence is a salutary means of relieving a person who is guilty of a crime from the stigma of a conviction when the court in its discretion feels that the ends of justice warrant the court's forebearance.
Id.
The Missouri Court of Appeals ruled that the trial judge was without authority to dismiss the charge, that authority belonging to the prosecution in certain circumstances and to the court under very limited circumstances. Tillman, 615 S.W.2d at 518. Those circumstances did not exist in the case and the defendant's status as a person found guilty of a crime remained. As a consequence, the defendant was not entitled to have the records of the criminal proceeding closed or expunged, under either statutory law or the equitable powers of the court. Id. at 519.
In State of Missouri v. Lynch, 679 S.W.2d 858 (Mo.1984) (en banc) (Gunn, J.), the Supreme Court of Missouri ruled that a suspended imposition of sentence was not an appealable final judgment. In so doing, the court surveyed the characteristics of the determination of guilt which precedes the suspension of imposition of sentence. The court held that the finding of guilt carries with it the "stigma of a conviction." Lynch, 679 S.W.2d at 861. This stigma includes (a) the admissibility of the finding of guilt for impeachment purposes, § 491.050 RSMo; (b) the status of a prior offender for enhanced punishment, § 558.016, RSMo; (c) an aggravating circumstance for sentencing purposes, § 565.032.1(3), RSMo; and (d) substantial lacunae in the statutes closing or expunging records of the criminal proceedings, § 610.120 RSMo. Id. at 861-62.
Consistent with the case law holding that the suspended imposition of sentence is not a final appealable judgment, the Missouri Court of Appeals in State of Missouri v. Zirfas, 823 S.W.2d 90 (Mo.Ct.App.1991), held that a victim could not seek restitution under § 546.630, RSMo, from defendants who had pled guilty to stealing. The court held that the term "conviction" in the statute, for the purpose of imposing punitive consequences in collateral proceedings, excludes proceedings concluded with a suspended imposition of sentence. In reaching this decision, the court applied the holding of Meyer v. Missouri Real Estate Commission, 238 Mo.App. 476, 183 S.W.2d 342 (1944), and noted that other Missouri statutes which imposed civil disabilities on criminals did so with language which specified a presentence finding of guilty or a plea of guilty, language other than "conviction" in § 546.630 RSMo. Zirfas, 823 S.W.2d at 92.
Under the provisions of certain Missouri statutes, as a result of his guilty plea, defendant has been burdened with substantial civil disabilities: (1) under § 571.070 RSMo (1986), he be criminally liable if he possesses a concealable firearm[1] within five years of the plea; (2) under § 571.090.1(2) RSMo (1986), he cannot obtain a permit to acquire a concealable firearm[2]; (3) under §§ 558.016.2 and -.4(2) RSMo (1986), he is a prior offender and a dangerous offender, respectively; (4) under § 565.032.1(3) RSMo (1986), his plea can be an aggravating factor for sentencing purposes; (5) under § 561.021 RSMo (1986), defendant can not hold public office during the term of his probation; (6) under § 561.026(3) RSMo (1986), he is disqualified from being a juror; (7) under § 491.050 RSMo (1986), the plea can adversely affect his credibility as a witness; and (8) under § 610.120 RSMo (1986), there are substantial lacunae in the statutes closing or expunging records of his criminal proceedings. These disabilities have been imposed on defendant by reason of his guilty plea, regardless of the suspended imposition of sentence which followed.
Nevertheless, a recent opinion by the Supreme Court of Missouri focuses not on the plea but on the suspended imposition of sentence and leads the undersigned to conclude *1224 that a suspended imposition of sentence, regardless of the determination of guilt, does not result in a "conviction" for the purposes of 18 U.S.C. § 921(a)(20) and § 922(g)(1).
In Yale v. City of Independence, 846 S.W.2d 193 (Mo.1993) (en banc) (Limbaugh, J.), the Court ruled specifically that the phrase "conviction of a felony, criminal offense, or crime of moral turpitude," found in the city's personnel manual did not include a suspended imposition of sentence which followed a guilty plea. In that case, Yale had pled guilty in 1988 to a felony charge of sodomy. The city used this criminal proceeding as a basis for discharging him. In rejecting the city's position, the court determined that the term "conviction," for the purposes of collateral proceedings, requires that a judgment be pronounced upon the finding of guilt, and a suspended imposition of sentence is not such a final appealable judgment. Yale, 846 S.W.2d at 194-195.
The court in Yale stated, "[t]he obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow." Id. at 195. The court determined that the legislated disabilities which follow a guilty plea, see above, did not make such pleas "convictions."
These statutes represent an awareness by the general assembly that the term "conviction," standing alone, does not include a plea or finding of guilt where imposition of sentence is suspended and that such a disposition is not one to which collateral consequences attach. These statutes apply only in certain specific instances. Had the legislature intended to define "conviction" to include the disposition of suspended imposition of sentence in all cases, it would have done so.
Id. The Court went on to assure that its message was clear,
To the extent that Lynch [(see above)] suggests that the rationale of Meyer and Warren no longer exists and that collateral consequences of a conviction attach as a matter of course before sentencing and final judgment, it should not be followed. Id. at 196 (emphasis added). The court held that a guilty plea alone was an insufficient predicate for the stigma of a "conviction" when the criminal prosecution proceedings are concluded with a suspended imposition of sentence. Id.

Yale's felony guilty plea followed by a suspended imposition of sentence in 1988 was not a "conviction" under the law of Missouri for the purposes of the collateral employment proceedings. Consequently, the instant defendant Solomon's felony guilty plea followed by a suspended imposition of sentence in 1991 was not a "conviction" under the law of Missouri for the purposes of this collateral federal prosecution. Therefore, under the stipulated facts, in the application of 18 U.S.C. § 921(a)(20), the government cannot prove the first essential element of 18 U.S.C. § 922(g)(1), i.e. that defendant had previously been convicted of a felony, see page 1222 above, and the indictment should be dismissed.
Whereupon,
IT IS HEREBY ORDERED that the motions of defendant Solomon for disclosure of the identity of any informant, for disclosure of the statements of any co-conspirator, to compel disclosure of any evidence which is arguably suppressible, and for disclosure of consideration to any informant are denied.
IT IS FURTHER ORDERED that the motions of the United States for reciprocal discovery and for disclosure of the statements of witnesses are denied.
IT IS RECOMMENDED that the motion of the defendant to dismiss the indictment be sustained.
The parties have ten days in which to file written objections to this Order and Recommendation.
Signed this 30th day of June, 1993.
NOTES
[1] The United States and the defendant have stipulated that the firearms described in the indictment were not concealable firearms under the Missouri statute. See § 571.010 RSMo (1986) for definition of "concealable firearm."
[2] See footnote 1.