(25 P.3d 138)
No. 85,427

STATE OF KANSAS, *Appellant*, v. AMY M. HODGDEN, *Appellee*.

Opinion filed May 4, 2001.

*Douglas A. Matthews*, assistant county attorney, *Rick J. Scheufler*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Libby Snider* and *Peter Maharry*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellee.

Before GERNON, P.J., GREEN and BEIER, JJ.

GERNON, J.: The State of Kansas appeals the district court's amendment of Amy H. Hodgden's criminal history.

Hodgden was charged with one count of aggravated assault of a law enforcement officer; one count of attempting to flee or elude a police officer, one count of endangering a child, one count of reckless driving, and one count of failure to drive with tail lamps. Hodgden pled guilty to attempting to flee or elude a police officer, a felony, and endangering a child, a misdemeanor.

During the preparation of Hodgden's presentence investigation (PSI) report, the investigating officer was made aware that Hodgden had a previous conviction in 1993 for custodial interference in Anchorage, Alaska. This was included in Hodgden's criminal history section of the PSI report, filed April 28, 2000. No other crimes were listed under Hodgden's criminal history.

Hodgden filed an objection to her criminal history with the district court. Hodgden argued that the Alaska conviction had been set aside by an Alaska district court, which operated as a dismissal; thus, the conviction should not be included in her criminal history.

A second PSI report was filed with the district court. This report was amended to not include the Alaska conviction.

At the sentencing hearing, the matter of Hodgden's criminal history was argued before the district court. The investigator who prepared the PSI reports stated that after she had originally called the State of Alaska to verify Hodgden's criminal history, she later spoke with a supervisor who told her that she should have never been given the conviction because it had been dismissed. The investigator said that it was her understanding that the judgment against Hodgden was void or completely dismissed.

The district court sustained Hodgden's objection and did not include the Alaska conviction in her criminal history. Hodgden was given a presumptive sentence of 12 months of probation, with an underlying prison term of 6 months for attempting to flee or elude a law enforcement officer, and 24 months of probation, with an underlying jail term of 12 months for endangering a child. Both sentences were ordered to be served concurrently. The State appeals. We reverse and remand.

## JURISDICTION

Hodgden argues that this court does not have jurisdiction to hear

the State's appeal. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. See *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999).

The State's right to appeal in a criminal case is strictly statutory. The jurisdiction of an appellate court to entertain a State's appeal exists only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes. *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999).

K.S.A. 21-4721(c) states:

"On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

(1) Any sentence that is within the presumptive sentence for the crime; or

(2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

Hodgden's sentence on the felony conviction for attempting to flee or elude a law enforcement officer was within the presumptive range.

The plain language of the statute clearly states that an appellate court shall not review a sentence if such is within the presumptive range for the crime charged or is the result of a plea agreement approved by the court on the record. *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994).

However, K.S.A. 21-4721(e)(2) provides that in any appeal, the appellate court may review a claim where the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for the purpose of criminal history scoring. See *Starks*, 20 Kan. App. 2d at 183; see also *State v. Graham*, 27 Kan. App. 2d 603, 609, 6 P.3d 928, *rev. denied* 269 Kan. 936 (2000) (court stated that when a presumptive sentence is imposed for a crime and there is no claim of error with regard to crime severity level or criminal history, the appellate courts lack jurisdiction to consider the sentence on appeal).

The State, in its notice of appeal, stated that it was appealing the district court's sustaining of Hodgden's objection to the reported criminal history and its amending of the criminal history to reflect no prior felony convictions. As this appeal falls within the purview of K.S.A. 21-4721(e)(2) as an exception to the general rule

that an appellate court cannot review a presumptive sentence, this court has discretion to review this appeal.

## EXCLUSION OF PRIOR ALASKA CONVICTION

This question requires this court to interpret the Kansas Sentencing Guidelines Act (KSGA), specifically, K.S.A. 21-4710. Interpretation of the KSGA is a question of law, and the appellate court's scope of review is unlimited. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

Our reading of the Alaska statutes leads us to conclude that the allowed procedure in Alaska would be classified as an expungement in Kansas. It is called a "discharge order" in Alaska.

On June 4, 1996, an Alaska district court issued a discharge order in Hodgden's case regarding the custodial interference conviction. The discharge order stated that the court had previously entered a judgment of conviction in the case and placed Hodgden on probation, suspending imposition of sentence. Finding that the period of probation had expired, the court ordered the case closed, and Hodgden was discharged by the court without imposition of sentence. It was further ordered that the judgment of conviction should be set aside.

Both parties agree that setting aside a conviction under Alaska statute § 12.55.085 (2000) is not equal to expungement. See *Journey v. State*, 895 P.2d 955, 959 (Alaska 1995), holding that expungement of defendant's criminal record is not a necessary component of a conviction that has been set aside.

Both parties also agree that despite what Alaska has held concerning setting-aside convictions, this issue must be resolved under Kansas law.

In *State v. Pope*, 23 Kan App. 2d 69, 81, 927 P.2d 503 (1996), *rev. denied* 261 Kan. 1088 (1997), this court found defendant's argument that her prior Missouri juvenile adjudications should not be counted in her criminal history under the KSGA was flawed, as she was sentenced under Kansas law rather than Missouri law and Kansas allows juvenile adjudications to be used in calculating a defendant's criminal history. See K.S.A. 21-4710(d). The court also noted that the Full Faith and Credit Clause did not prevent the

inclusion of the defendant's Missouri juvenile adjudications, as Kansas has a legitimate public policy interest in considering these offenses when sentencing a defendant for a criminal conviction.

The State argues that Kansas law mandates the inclusion of all convictions in the scoring of a criminal history. We agree.

Under the KSGA, criminal history is based on several types of prior convictions, including person felony adult convictions. K.S.A. 21-4710(a). K.S.A. 21-4710(d)(2) states: "All prior adult felony convictions, including expungements, will be considered and scored." The law is clear that all prior convictions are to be included in a criminal history score unless they are an element of the present crime, enhance the severity level or applicable penalties, or elevate the present crime's classification from misdemeanor to felony. K.S.A. 21-4710(d)(11); *State v. Vontress*, 266 Kan. 248, 260, 970 P.2d 42 (1998).

The legislature clearly intended to include all prior convictions in a defendant's criminal history, even expungements. Even though Hodgden's conviction under Alaska law was set aside, it must still be considered and scored for purposes of criminal history.

Hodgden argues that the setting aside of her conviction in Alaska involved a procedure similar to a diversion in Kansas and, as a result, the conviction cannot be used in her criminal history. Diversions are not part of a defendant's criminal history. *State v. Presha*, 27 Kan. App. 2d 645, 648, 8 P.3d 14, *rev. denied* 269 Kan. 939 (2000).

Such an argument ignores the fundamental differences between a diversion and an expungement.

In Kansas, a diversion agreement is a "specification of formal terms and conditions which a defendant must fulfill in order to have the charges against him or her dismissed." K.S.A. 22-2906(4). After charges have been filed, but before a conviction, if it appears to the county or district attorney that a diversion would be in the interests of justice and of benefit to the defendant and the community, the county or district attorney may propose a diversion agreement to the defendant. K.S.A. 22-2907(a).

If the county or district attorney finds at any time prior to or at the conclusion of the diversion period that the defendant has failed

to fulfill the terms of the agreement, the county or district attorney must inform the district court. The court then holds a hearing, and if such a finding is made as to the defendant's failure to fulfill the terms of the agreement, criminal proceedings will resume on the charges. K.S.A. 2000 Supp. 22-2911(a).

A setting aside of a conviction in Alaska and the entering into a diversion agreement in Kansas differ in one pivotal aspect. Under diversion law in Kansas, a diversion agreement is proposed to the defendant *prior* to conviction on the charges. K.S.A. 22-2907(1). If the defendant fulfills the terms of the agreement, no conviction is entered, and the charges are dismissed with prejudice. K.S.A. 2000 Supp. 22-2911(b).

Kansas, unlike Alaska, does not have a process whereby after a suspended sentence, successful probation, and discharge by the court, a defendant's conviction can be set aside and not counted in a defendant's criminal history. Clearly, the Kansas Legislature, by enacting the language of K.S.A. 21-4710, intended to include all prior adult felony convictions in criminal history scoring. The legislature even specifically noted that this includes expungements. K.S.A. 21-4710(d)(2). The district court erred in excluding a prior Alaska conviction in Hodgden's criminal history.

Reversed and remanded for resentencing consistent with the ruling herein.