(39 P.3d 85)

No. 85,975

STATE OF KANSAS, *Appellee*, v. DANIEL MACIAS, *Appellant*.

Opinion filed January 18, 2002.

*Patrick H. Dunn*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Lois K. Malin*, assistant county attorney, *R. Lee McGowan*, deputy county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., PIERRON, J., and WAHL, S.J.

BEIER, J.: Daniel Macias appeals his sentence for one count of aggravated robbery, contending the district court erroneously included deferred adjudications from Texas in determining his criminal history score.

Macias' presentence investigation report listed six prior felony convictions from Texas, including five for aggravated assault against a public servant and one for aggravated robbery. Macias objected to the inclusion of the convictions in his criminal history score because the prior Texas cases followed a "deferred adjudication" procedure.

Under this procedure, a Texas court does not enter a judgment of guilt immediately after a defendant's guilt is established by guilty plea or trial. Rather, the court defers adjudication under the provisions of Article 42.12(5)(a) of the Texas Code of Criminal Procedure and places the defendant on community supervision. If the community supervision is completed successfully, then the case is dismissed and the defendant discharged.

Macias argues this procedure is equivalent to a Kansas diversion, which, if successfully completed, is not counted as a conviction in a person's criminal history. See K.S.A. 21-4710(a).

The district court made the following findings of fact on the way to ruling against Macias on this point: (1) Macias pleaded guilty to the offenses in Texas; (2) the Texas court reviewed the evidence and found the guilty plea had factual support; (3) Macias gave an informed consent and knowingly waived his rights; and (4) Macias was represented by counsel in Texas. The court then held that the intention behind calculating a defendant's criminal history score in Kansas was to deal more harshly with those who have demonstrated their propensity toward criminal behavior in the past and, under *State v. Presha*, 27 Kan. App. 2d 645, 8 P.3d 14, *rev. denied* 269 Kan. 939 (2000), the Texas cases qualified as preexisting convictions. Their inclusion in Macias' criminal history under the Kansas sentencing guidelines made his score an "A" rather than an "I." This gave Macias a presumptive sentence of 221 months' imprisonment rather than 59 months' imprisonment.

Macias contends his Texas deferred adjudications were the equivalent of a diversion under Kansas law, which would not be included in his criminal history under K.S.A. 21-4710(a) and *Presha*. The State argues a Texas deferred adjudication is materially distinct from a Kansas diversion. This issue is one of statutory interpretation; thus our scope of review is unlimited. *State v. Vontress*, 266 Kan. 248, 259, 970 P.2d 42 (1998).

Under Kansas law, after a complaint charging a defendant with the commission of a crime has been filed but before a conviction, the State may propose a diversion agreement. K.S.A. 22-2907(1). A diversion agreement is a "specification of formal terms and conditions which a defendant must fulfill in order to have the charges against him or her dismissed." K.S.A. 22-2906(4). A defendant is not required to enter a plea to the criminal charge as a condition for diversion. K.S.A. 22-2910. If the prosecutor finds the defendant has failed to fulfill the diversion agreement, the district court is notified so it can make a determination of whether the defendant has failed to fulfill the terms of the agreement. If there has been a breach of the agreement, the district court resumes the criminal proceeding on the complaint. K.S.A. 2000 Supp. 22-2911(a). If, on the other hand, the defendant fulfills the terms of the agreement, the district court dismisses the criminal charges with prejudice.

K.S.A. 2000 Supp. 22-2911(b). Diversions are not counted as part of a defendant's criminal history. See *State v. Hodgden*, 29 Kan. App. 2d 36, 41, 25 P.3d 138 (2001).

In Texas, the statutory deferred adjudication procedure includes the following language:

"(a) Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision . . . .

"(b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. . . . After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred . . . .

"(c) On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him. . . . For any defendant who receives a dismissal and discharge under this section:

(1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty." Tex. Code Crim. Proc. Ann. 42.12(5)(a), (b), and (c)(1) (West 2002 Supp.).

Macias urges us to focus on three similarities between the Texas deferred adjudication scheme and the Kansas diversion program: (1) Both can be used to stay further criminal proceedings in the interest of justice; (2) both require the defendant to obey certain terms and conditions during the diversion or community supervision period; and (3) both require dismissal of the case at the successful conclusion of the diversion or community supervision period.

We regard one important difference as critical, however. In Texas, the district court may defer adjudication only *after* the defendant enters a guilty or nolo contendere plea, or proceeds to a

trial where guilt is demonstrated. On the contrary, in Kansas, the State in the person of the prosecutor decides whether to offer diversion; the defendant is not required to enter a plea; no trial is held; and the district court does not make a finding that the evidence substantiates the defendant's guilt. None of these steps is followed unless the defendant ultimately fails to abide by the diversion agreement.

Two of our precedents offer guidance in this case: *Presha* and *Hodgden*.

The most similar case is *Presha*. Presha argued the sentencing court erroneously included a prior juvenile felony from Florida in his criminal history because the Florida court had withheld a formal adjudication of delinquency. Like Macias, the defendant likened the Florida proceeding to a diversion under Kansas law. At Presha's Kansas sentencing, the court regarded the Florida finding that Presha committed the offense as determinative, not whether he had been formally adjudicated or placed on diversion. 27 Kan. App. 2d at 646, 648.

On Presha's appeal, we compared the juvenile offender procedures in the two states and concluded that the principal difference between them lay in the states' use of the word "adjudication." We noted that Kansas *required* a court that found a juvenile committed a crime to adjudicate him or her a juvenile offender. On the other hand, in Florida, once a court found a juvenile violated the law, the court retained the *discretion* to withhold adjudication of delinquency and place the juvenile in a community control program.

We held that, although Florida would not have treated a juvenile adjudication like a prior conviction for purposes of calculating a later criminal penalty, K.S.A. 2000 Supp. 21-4711(f) required out-of-state juvenile adjudications to be treated as juvenile adjudications in Kansas. 27 Kan. App. 2d at 648-50. Because a Kansas juvenile adjudication would have been included in Presha's criminal history score, the Florida adjudication was correctly included. The absence of a formal adjudication in Florida did not matter, as long as Presha's factual guilt had been established.

In *Hodgden*, we examined the Kansas sentencing effect of an Alaska conviction subject to a later "discharge order." Alaska per-

mitted certain convictions to be discharged if the offender abided by certain conditions. Hodgden, again like Macias here, argued such an Alaska conviction should not be included in his Kansas criminal history score because the Alaska procedure was analogous to a Kansas diversion. We disagreed, finding it more similar to an expunged conviction which, under our law, must be included in the calculation of an offender's criminal history score. K.S.A. 21-4710(d)(2); 29 Kan. App. 2d at 40. The critical element was the Alaska court's determination that Hodgden was guilty of the prior crime. Once guilt was established, Hodgden's Alaska situation was more analogous to a Kansas expungement than a Kansas diversion.

Moreover, in *Hodgden*, the fact that Alaska would not have allowed the discharged conviction to be considered at sentencing for a subsequent offense did not sway us to the defendant's point of view. In this case, were we to consider the foreign state's treatment of its own procedure on subsequent sentencing, that factor would add weight to the State's argument. Texas law permits a deferred adjudication to be considered on the issue of penalty upon conviction of a subsequent offense. See Tex. Code Crim. Proc. Ann. 42.12(5)(c)(1) (West 2002 Supp.).

As was true of the defendants in *Presha* and *Hodgden*, Macias' guilt in the foreign state's cases was demonstrated to the satisfaction of the court. In Texas, nothing but a formal adjudication remained. This situation is directly comparable to the facts of *Presha*. And a decision to affirm inclusion of the Texas deferred adjudications in Macias' Kansas criminal history score is logically and legally consistent with the reasoning of both *Presha* and *Hodgden*.

What matters, as the district court observed in *Presha*, is whether the foreign state concluded the defendant did the crimes, not whether he or she ultimately had to do the time. It is a defendant's refusal to renounce criminal behavior that our sentencing guidelines seek to inhibit by taking all prior established criminal behavior into consideration. The *Presha-Hodgden* line of cases, and now this case, further that goal. No matter what lenience another state may wish to show, once we are satisfied that a defendant's factual guilt was established in a foreign state, that prior crime will count in Kansas.

Affirmed.