No. 86,821

STATE OF KANSAS, *Appellant,* v. DAVID ANTHONY POLLARD, *Appellee.*

(44 P.3d 1261)

Opinion filed April 26, 2002.

*Steven J. Obermeier,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, were with him on the brief for appellant.

*Peter T. Maharry,* assistant appellate defender, argued the cause, and *Steven R. Zinn,* deputy appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: This is an appeal by the State pursuant to K.S.A. 22-3602(b)(1) from the district court's dismissal of a criminal complaint charging criminal possession of a firearm (K.S.A. 2001 Supp. 21-4204(a)(3). The district court ruled that, since a suspended imposition of sentence was not a conviction under Missouri law, such disposition could not be considered as the requisite prior conviction under the Kansas statute.

## FACTS

In July 1999, David A. Pollard pled guilty in Missouri to the charge of first-degree attempted burglary, a felony. The Missouri court ordered suspended imposition of sentence and placed Pollard on 2 years' probation. This disposition is authorized by Mo.

Rev. Stat. § 557.011 (2000). Under conditions of his probation, Pollard cannot "own, possess, purchase, receive, sell or transport any firearms . . . as defined by federal, state, or municipal laws or ordinances." Pollard signed a statement agreeing to comply with all the conditions of his probation.

On December 6, 2000, the State of Kansas charged Pollard with two offenses: criminal possession of a firearm and unlawfully altering the identification marks of a firearm. Only the first offense is at issue in this appeal. The State's complaint alleged that Pollard violated K.S.A. 21-4204(a)(3) by virtue of possessing a firearm after having been convicted of a felony within the preceding 5 years.

Pollard filed a motion to dismiss claiming that his 1999 Missouri attempted burglary offense could not serve as the predicate felony under K.S.A. 21-4204(a)(3) because under Missouri law a suspended imposition of sentence does not constitute a conviction. The district court granted Pollard's motion. The court ruled that for purposes of establishing the prior conviction element of K.S.A. 21-4204(a)(3), the law of the state where a defendant received the disposition for his or her crime controls whether or not a defendant has been convicted of a felony. As applied to Pollard, the court reasoned that if no conviction exists under Missouri law, then the State of Kansas cannot establish the requisite element of Pollard having been convicted of a felony within the previous 5 years.

When the district court dismissed the criminal possession of a firearm charge, the State moved to dismiss the charge of unlawfully altering the identification marks of a firearm. The State's motion was granted and the State filed the appeal herein.

The sole issue is as follows:

IF A SUSPENDED IMPOSITION OF SENTENCE IS NOT CONSIDERED A CONVICTION IN THE JURISDICTION WHERE SUCH DISPOSITION WAS RENDERED, CAN IT BE CONSIDERED A CONVICTION UNDER KANSAS LAW FOR PURPOSES OF ESTABLISHING THE PRIOR CONVICTION ELEMENT UNDER K.S.A. 2001 SUPP. 21-4204(a)(3)?

K.S.A. 2001 Supp. 21-4204(a)(3) criminalizes the possession of a firearm by a person who

"has been convicted of a felony, other than those specified in subsection (a)(4)(A), under the laws of Kansas or a crime under a law of another jurisdiction which is substantially the same as such felony, has been released from imprisonment for a felony, or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony."

The State contends the district court erred in ruling that under K.S.A. 2001 Supp. 21-4204(a)(3), Missouri law controls whether or not Pollard had been convicted of a felony at the time he possessed the firearm in Kansas. Pollard contends the district court ruled correctly since under Missouri law his suspended imposition of sentence was not a conviction. Additionally he focuses on the term "convicted" and claims the statute requires either a conviction of a felony under Kansas law or a conviction of a crime under a law of another jurisdiction.

Interpretation of a statute presents a question of law and the Supreme Court's scope of review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P. 2d 1016 (1998).

The parties agree that under Missouri law, as set forth in *Yale v. City of Independence*, 846 S.W.2d 193, 196 (Mo. 1993), the disposition of "suspended imposition of sentence" does not constitute a conviction as it is not a final judgment. From the discussion in *Yale*, it appears this disposition is a lenient alternative whereby, upon successful completion of the probationary period, the official records of the offense are closed pursuant to Mo. Rev. Stat. § 610.105 (2000). Interestingly, Missouri has a criminal possession of a firearm statute similar to that of Kansas except that it applies to possession within 5 years of a plea of guilty or conviction of a felony. Mo. Rev. Stat. § 571.070 (2000). Had Pollard's possession occurred in Missouri rather than Kansas, he clearly would have been subject to Missouri's criminal possession statute.

The Kansas statute, K.S.A. 2001 Supp. 21-4204(a)(3), provides in pertinent part:

"(a) Criminal possession of a firearm is:

. . . .

(3) possession of any firearm by a person who, within the preceding five years has been convicted of a felony . . . under the laws of Kansas or a crime under a law of another jurisdiction which is substantially the same as such felony, has

been released from imprisonment for a felony . . . and was found not to have been in possession of a firearm at the time of the commission of the offense."

The issue turns on whether the term "conviction" is determined by Kansas or Missouri law.

Pollard cites *United States v. Solomon*, 826 F. Supp. 1221 (E. D. Mo. 1993), in support of his position. In *Solomon*, the defendant was charged under a federal criminal possession of a firearm statute wherein a prior conviction is an element of the offense. The government tried to rely on a Missouri offense as the predicate felony. Like Pollard, defendant Solomon had pled guilty to the predicate offense, and the Missouri court suspended imposition of sentence. 826 F. Supp. at 1222.

The *Solomon* court held that what constitutes a conviction of the underlying crime must be determined according to the law of the jurisdiction in which the proceedings were held. After examining the law in Missouri, including the *Yale* decision, the *Solomon* court concluded that under Missouri law, regardless of the determination of guilt, a suspended imposition of sentence does not result in a "conviction" for purposes of the equivalent federal criminal in possession statute. Since the government could not prove the first element of the offense, *i.e.*, that the defendant had previously been convicted of a felony, the *Solomon* court dismissed the case. 826 F. Supp. at 1222-24. Under the rule in *Solomon*, Missouri law would apply and, thus, Pollard did not have a prior conviction at the time he possessed the weapon in Kansas.

However, there is a critical distinction between *Solomon* and the case before us. The statute at issue in the federal case contains a choice of law clause, whereas our statute does not. 826 F. Supp. at 1223-24 (quoting 18 U.S.C. § 921[a][20][2000]); and K.S.A. 2001 Supp. 21-4204(a)(3). The choice of law clause was added to the federal gun control statutes in 1986. *United States v. Pennon*, 816 F.2d 527, 528 (10th Cir. 1987). The relevant portion of the clause states: "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20)(2000).

Before Congress amended the statute requiring federal courts to apply the law of the jurisdiction where the proceedings took

place, "a 'conviction' is deemed to have occurred upon a guilty plea or finding of guilt by the court, regardless of whether the person is considered to have been convicted under State law." 816 F. 2d at 529 (citing 132 Cong. Rec. §5354 [daily ed. May 6, 1986]); accord *United States v. Benson*, 605 F. 2d 1093 (9th Cir. 1979). Prior to the choice of law amendment, allowing federal law to control the term conviction "[made] for desirable national uniformity unaffected by varying state laws, procedures, and definitions of 'conviction.' " *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 112, 74 L. Ed. 2d 845, 103 S.Ct. 986(1983) (superceded by statute as stated in *Pennon*, 816 F.2d at 529). Federal courts assumed that when a federal statute did not specify whether state or federal law should be applied to define the term conviction, federal law controlled the definition absent clear language to the contrary since Congress did not intend to make the application of federal law dependant on state law. See *United States. v. Ortega*, 150 F.3d 937, 948 (8th Cir. 1998) *cert. denied* 525 U.S. 1087 (1999) (concluding that probation and a suspended imposition of sentence rendered under Missouri law is a conviction under federal law for purposes of a federal punishment enhancement statute since Congress did not clearly express a contrary intent within that statute that state law should control).

Pollard's reliance on *Solomon* is therefore misplaced. *Solomon* supports the proposition that, in the absence of a choice of law clause mandating application of the law of the state where the predicate offense occurred, then the law where the possession occurred is controlling.

Pollard further contends the language of K.S.A. 2001 Supp. 21-4204(a)(3) is clear and that it "requires either a conviction of a felony under Kansas law or conviction of a crime under the law of another jurisdiction." When construing criminal statutes, it is well settled that such statutes must be strictly construed in favor of the accused. Any reasonable doubt about meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative de-

sign and intent. *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998).

When interpreting a statute, if a literal reading would " 'contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law.' [Citation omitted.]" *State v. Hankins*, 19 Kan. App. 2d 1036, 1045, 880 P.2d 271 (1994).

If the statute were interpreted to require a foreign jurisdiction's definition of conviction, the interest in protecting the public would be undermined. Essentially, if such a construction controlled the outcome of a particular case, it would, as here, create an unintended gap in our statutory scheme designed to protect the public safety. Under such interpretation, as demonstrated by the facts herein, a person who pleads guilty, admits to committing a crime, and receives a suspended imposition of sentence in Missouri, can come to Kansas and possess a weapon without violating our criminal in possession of a weapon statute, notwithstanding that he or she would be prohibited from doing so under his or her probation terms and Missouri law, which as previously discussed, includes persons who have entered a plea of guilty.

Furthermore, a person who commits the predicate offense in Kansas, pleads guilty, receives probation, and possesses a weapon, suffers more severe consequences than their counterpart who commits the predicate offense in Missouri. This is not a logical result. It is more logical to conclude the legislature intended to treat all persons coming before Kansas courts the same in order to address the problem of keeping weapons from certain felons and to advance the policy interest of protecting the public. Compare *State v. Allen*, 28 Kan. App. 2d 784, 793, 20 P.3d 747 (2001) (rejecting the notion that geography alone should confer sentencing benefits upon a defendant); *State v. Chronister*, 21 Kan. App. 2d 589, 593, 903 P.2d 1345 (1995) (illogical to provide sentencing benefit merely because crime occurred in one Kansas county rather than in another county or in another state or federal jurisdiction); and *State v. Aleman*, 16 Kan. App. 2d 784, 790, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992) (rejecting an argument where construing a statute would result in more severe consequences for persons who

commit additional crimes in Kansas while on probation or parole from a Kansas conviction than counterparts who have been released on probation or parole in other states).

Under the district court's decision, Pollard evades prosecution under the criminal possession of a firearm statute merely because of where he committed the qualifying predicate offense.

We conclude Kansas law should apply. The question then becomes whether or not Pollard had the equivalent of a conviction at the time he is alleged to have possessed the firearm in Kansas. Three lines of reasoning lead to the conclusion this question should be answered in the affirmative: (1) the legal definition of conviction under statute and case law; (2) the procedural posture of Pollard's predicate felony, and; (3) the construction of the term "conviction" for criminal history scoring purposes. Each will be discussed in turn.

First, in Kansas, by statute, the term " '[c]onviction' includes a judgment of guilt entered upon a plea of guilty." K.S.A. 21-3110(4). Also, this court previously construed the term "conviction" in the context of K.S.A. 21-4204. See *State v. Holmes*, 222 Kan. 212, 563 P. 2d 480 (1977). In *Holmes*, the defendant pled no contest to a felony enumerated in the criminal possession of a firearm statute. After his plea was entered of record and accepted by the court, but before he was scheduled to be sentenced a month later, the defendant was caught possessing a firearm and charged with violating a similar version of the criminal possession of a firearm statute. In deciding the defendant had the status of a convicted felon at the time he possessed the firearm, the *Holmes* court stated: "It is the adjudication of guilt not the imposition of sentence which constitutes a 'conviction' within the meaning of [K.S.A. 21-4204]." 222 Kan. at 213.

*Holmes* differs from Pollard's case because the defendant in *Holmes* committed the offense alleged as the prior conviction for the criminal possession statute in Kansas, not in Missouri. In Pollard's case, the journal entry clearly indicates that the Missouri court found him guilty and entered a judgment of guilt against him. The document is entitled "Judgment" and parenthetically notes it is for a guilty plea involving probation and a suspended imposition

of sentence. The document states the court "adjudged that [Pollard] having been found guilty upon a plea of guilty entered on 7/14/99, of the offense(s) of Attempted Burglary - First Degree . . . is guilty of said offense(s)." Therefore, under K.S.A. 21-3110(4) and *Holmes*, Pollard, at least constructively, held a prior conviction under Kansas law at the time he possessed the firearm in Kansas.

Second, in Kansas, there are separate procedural definitions for "suspension of sentence" and "probation." See K.S.A. 21-4602(b) and (c). Probation is a procedure whereby a defendant, after being found guilty of a crime, is released by the court after imposition of sentence, without imprisonment. The definition of probation and K.S.A. 21-4603 make it clear that probation in no way actually affects the sentence. The final judgment in a criminal case is the sentence and, by placing the defendant on probation, the trial court does not affect the finality of the judgment. See *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985). Since probation follows a valid conviction, Kansas procedures establish that Pollard would have had a prior conviction.

Third, if Pollard's offense in Missouri was being scored for criminal history purposes in Kansas, under the reasoning in three recent decisions by our Court of Appeals, it would be counted as a conviction. These cases applied Kansas law and scored various types of deferred adjudications rendered by foreign jurisdictions as convictions. See *State v. Presha*, 27 Kan. App. 2d 645, 649, 8 P.3d 14, *rev. denied* 269 Kan. 939 (2000) (decision to include in criminal history a Florida juvenile offense turns on whether under Kansas law the defendant would have been deemed to have been adjudicated; "[Florida] statutes do not prevent Kansas from including the out-of-state juvenile adjudications in a defendant's criminal history score"); see also *State v. Hodgden*, 29 Kan. App. 2d 36, Syl. ¶ 6, 25 P. 3d 138 (2001), *rev. denied* 271 Kan. 1040 (2001) (decision to include in criminal history a judgment of conviction later set aside under Alaska law must be resolved under Kansas law and is therefore included); *State v. Macias*, 30 Kan. App. 2d 79, 39 P.3d 85 (2002) (decision to include in criminal history adjudications deferred under Texas procedure turns on whether appellate court is

satisfied that a defendant's factual guilt was established in the foreign state).

In the last of these cases, the Court of Appeals expressed that our sentencing guidelines seek to inhibit a defendant's refusal to renounce criminal behavior. Therefore, what matters is "whether the foreign state concluded the defendant did the crime[], not whether he or she ultimately had to do the time." 30 Kan. App. 2d at 83. The *Macias* court further stated: "No matter what lenience another state may wish to show, once we are satisfied that a defendant's factual guilt was established in a foreign state, that prior crime will count in Kansas." 30 Kan. App. 2d at 83. If the reasoning expressed by our Court of Appeals in criminal history cases is extended to cases where a conviction is an element of the crime, Pollard's Missouri offense would count as a conviction since the Missouri court established his factual guilt.

The journal entry of the Missouri judgment states Pollard was found guilty of the felony upon his plea of guilty. A person who pleads guilty to one of the enumerated predicate felonies admits to actions the Kansas Legislature has deemed to render that person unfit to possess a firearm. We conclude that, applying Kansas law, the Missouri proceeding is the equivalent of a conviction of the predicate felony under K.S.A. 2001 Supp. 21-4204(a)(3), and the district court erred in dismissing the complaint herein.

It should be noted that the alleged firearm possession in Kansas occurred within Pollard's 2-year probationary period for the Missouri felony. Our decision is limited to those facts and does not decide if the result would be the same if the Kansas offense had occurred after the expiration of the 2-year period.

The judgment is reversed and the case is remanded for further proceedings.