(82 P.3d 515)

No. 88,74█

STATE OF KANSAS, *Appellee/Cross-appellant,*
v. DAVID L. SCHEUERMAN II, *Appellant/Cross-appellee.*

Opinion filed August 1, 2003.

*Michael S. Holland II,* of Holland and Holland, of Russell, for appellant/cross-appellee.

*Douglas A. Matthews,* assistant county attorney, *Rick J. Scheufler,* county attorney, and *Carla J. Stovall,* attorney general, for appellee/cross-appellant.

Before MARQUARDT, P.J., PIERRON and JOHNSON, JJ.

JOHNSON, J.: David L. Scheuerman II appeals his sentence for involuntary manslaughter while driving under the influence of alcohol (DUI), claiming the district court erroneously included a prior conviction in his criminal history score. The State cross-appeals, claiming the district court erroneously excluded an Oklahoma DUI conviction. We affirm the district court's determination of Scheuerman's criminal history score.

Following Scheuerman's guilty plea, the district court ordered the court services officer (CSO) to prepare a presentence investigation (PSI) report. The CSO's first PSI reflected a criminal history score of A. Scheuerman objected, claiming that a November 1995 DUI belonged to his father and that inclusion of an Oklahoma DUI violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The CSO filed an amended PSI, omitting the father's DUI but adding an aggravated assault on a law enforcement officer conviction; thus, leaving the criminal history score of A unchanged.

At sentencing, Scheuerman continued to object to his criminal history, specifically challenging the aggravated assault and Oklahoma DUI convictions on *Apprendi* grounds and asserting that the Oklahoma conviction had been for reckless driving, not DUI. The district court denied Scheuerman's challenge to the aggravated assault conviction but found that the State had failed to prove by a preponderance of the evidence that Scheuerman was convicted of DUI in Oklahoma. Scheuerman was rescored as having a criminal history score of B and sentenced accordingly.

## AGGRAVATED ASSAULT CONVICTION

Scheuerman claims that his sentence in this case is illegal because it is based, in part, upon an aggravated assault conviction which is invalid. The issue of whether a criminal sentence is illegal is a question of law, subject to de novo review. *State v. Sisk*, 266 Kan. 41, 43, 966 P.2d 671 (1998). Ultimately, resolution of the issue will require an interpretation of K.S.A. 22-2910; statutory construction is also a legal question, subject to unlimited review. See *State v. Engles*, 270 Kan. 530, 532, 17 P.3d 355 (2001).

In March 1996, Scheuerman was charged in a five-count complaint with aggravated assault against a law enforcement officer, criminal threat, obstruction of official duty, disorderly conduct, and minor consuming an alcoholic beverage. Pursuant to a signed agreement, Scheuerman was placed on diversion for 2 years on the aggravated assault count; he pled nolo contendere to the criminal threat charge; and the other three counts were dismissed. Subsequently, Scheuerman's diversion was revoked; pursuant to the

terms of the diversion agreement, his case was presented upon stipulated facts, and he was convicted of aggravated assault against a law enforcement officer.

On appeal, Scheuerman asserts that the diversion agreement ran afoul of K.S.A. 22-2910, which provides in pertinent part: "No defendant shall be required to enter any plea to a criminal charge as a condition for diversion." Scheuerman argues that he had to plead no contest to the criminal threat charge as a condition of receiving the proffered diversion on the aggravated assault count; that such a condition was prohibited by 22-2910; and, therefore, the diversion agreement is void as a violation of public policy. See *Petty v. City of El Dorado*, 270 Kan. 847, 19 P.3d 167 (2001).

Initially, the State contends that this issue is not properly before the court because Scheuerman did not challenge the validity of the diversion agreement at the district court level; rather, he challenged the inclusion of the aggravated assault conviction on *Apprendi* grounds and on the basis that he was denied his constitutional right to a trial. Ordinarily, a point not raised in the trial court cannot be raised for the first time on appeal. *State v. McDaniel*, 255 Kan. 756, 765, 877 P.2d 961 (1994). However, the applicable facts are uncontroverted and resolution of the legal question presented, *i.e.*, an interpretation of K.S.A. 22-2910, will be finally determinative of the case. See *State v. Mincey*, 265 Kan. 257, 267, 963 P.2d 403 (1998).

On the merits, the State contends that the statutory language merely prohibited it from requiring Scheuerman to enter a plea on the aggravated assault count as a condition of receiving a diversion on that same count. We agree.

In construing a criminal statute, any reasonable doubt about its meaning is to be resolved in favor of the person subjected to its provisions. " 'The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent.' " *State v. Sophophone*, 270 Kan. 703, 712, 19 P.3d 70 (2001) (quoting *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 [1998]).

Diversion delays adjudication on the diverted charge until the defendant has either: (1) failed to fulfill the terms of the diversion

agreement, which results in the criminal proceedings being resumed; or (2) fulfilled the terms of the diversion agreement, which results in the case being dismissed with prejudice. K.S.A. 2002 Supp. 22-2911(a) and (b). During the delay in adjudication, "the defendant is not required to enter a plea; no trial is held; and the district court does not make a finding that the evidence substantiates the defendant's guilt." *State v. Macias*, 30 Kan. App. 2d 79, 82, 39 P.3d 85 (2002).

The legislative history of the Kansas diversion statutes suggests that they were enacted to provide an alternative to the traditional dispositions of incarceration or probation. See *Petty*, 270 Kan. at 849. Just as discretion rests with a prosecutor as to whether to dismiss criminal charges against a defendant, it is the prosecutor who decides whether to offer a diversion agreement to a defendant. See K.S.A. 22-2907(1). The prosecutor is not required to exercise his or her discretion identically for each and every count of a complaint. Indeed, Scheuerman does not complain about the prosecutor's dismissal of three counts against him, in lieu of including those charges in his diversion agreement.

It is reasonable and sensible to permit a prosecutor to utilize the diversion alternative in combination with any of the other available alternatives when working out a plea arrangement on a multiple-count complaint. The defendant is free to reject the proffered combination of alternatives. The only prohibition is that the defendant cannot be required to enter any plea to the charge(s) subject to the delayed adjudication of diversion. Scheuerman's plea to the criminal threat count effected an immediate adjudication on that charge and did not invalidate the diversion agreement on the aggravated assault count.

Even if we were to find that Scheuerman's diversion agreement for aggravated assault unlawfully contained a condition that he plead guilty to criminal threat, we could not reach the result Scheuerman requests, *i.e.*, that the entire diversion agreement be declared void. In *Petty*, the Supreme Court found that a condition of diversion requiring the defendant to serve 48 hours in jail was void because it was contrary to public policy. 270 Kan. at 854. However, *Petty* rejected the State's argument that the entire di-

version agreement had to be voided if the jail-time condition was invalidated. The opinion declared that "[c]ourts may void only those portions of a diversion agreement that violate the intent of the legislature and order enforcement of the remaining provisions." 270 Kan. 847, Syl. ¶ 6. Thus, eliminating the condition that Scheuerman plead to criminal threat would only affect the validity of the criminal threat conviction, not the aggravated assault against a law enforcement officer conviction. Even without the criminal threat plea condition, the remaining portions of the aggravated assault diversion agreement were enforceable. Scheuerman's violation of the remaining diversion conditions resulted in the subsequent, valid conviction.

The district court did not err by including the aggravated assault conviction in Scheuerman's criminal history.

## CROSS-APPEAL: OKLAHOMA CONVICTION

The State cross-appeals, claiming the district court erroneously excluded an Oklahoma DUI conviction from Scheuerman's criminal history. The district court found that the State had failed to meet its burden of proving the conviction by a preponderance of the evidence. The State asserts that it raises an issue of statutory interpretation, subject to unlimited review. However, "[w]hether the proof presented by the State is sufficient to show a prior conviction is a factual issue." *State v. Presha*, 27 Kan. App. 2d 645, 648, 8 P.3d 14, *rev. denied* 269 Kan. 939 (2000). Here, the district court made a negative factual finding by signifying that the State had failed to meet its burden of proof. We will not disturb that finding absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration, such as bias, passion, or prejudice. See *In re Estate of Haneberg*, 270 Kan. 365, 374, 14 P.3d 1088 (2000).

The State presented the district court with a letter from the Oklahoma court clerk, along with two certified court documents, relating to the Oklahoma DUI charge. From that information, the district court determined that Scheuerman had entered into some sort of diversion or deferred adjudication program, whereby the DUI charge would be reduced to reckless driving upon successful

completion of the program. The district judge found that the documentation presented did not establish whether the conviction ultimately entered was for DUI or reckless driving. The distinction was important for the determination of criminal history because the State was asserting that, under K.S.A. 2002 Supp. 21-4711(c)(2), the DUI would be scored as a person felony.

On appeal, the State argues that Oklahoma's program is the same as Texas' deferred adjudication procedure, which was reviewed by this court in *Macias*. *Macias* found that a district court could include a deferred adjudication from Texas in calculating a Kansas defendant's criminal history score. 30 Kan. App. 2d at 83.

To support its arguments, the State's brief presents excerpts from Scheuerman's probation contract in Oklahoma and Oklahoma statutory provisions, as well as references to the ordinances of the City of Mustang, Oklahoma. The record does not indicate that this information was presented to the district court. Supreme Court Rule 6.02(d) (2002 Kan. Ct. R. Annot. 34) (any material statement not keyed to record on appeal presumed unsupported by record). Ironically, the only evidence which was presented, *i.e.*, the clerk's letter and two certified documents, were not included in the record on appeal. See *Smith v. Printup*, 254 Kan. 315, 350, 866 P.2d 985 (1993) (appellant's burden to designate record sufficient to present its points and establish claimed error).

The State does not claim nor does the record intimate in any way that the district court's decision was based upon bias, passion, prejudice, or any other extrinsic consideration. Further, the record does not disclose any undisputed evidence that the district judge arbitrarily disregarded. The record does disclose that the district judge carefully considered all of the evidence actually presented by the State at sentencing and determined that such evidence did not prove that it was more likely that Scheuerman was convicted of DUI rather than reckless driving in the Oklahoma proceeding. The court did not err in refusing to score the Oklahoma conviction as a prior DUI.

Affirmed.