(137 P.3d 498)

No. 93,188

STATE OF KANSAS, *Appellee*, v. ROBERT M. SIESENER, *Appellant*.

Opinion filed December 23, 2005.

*Cory D. Riddle,* deputy appellate defender, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline,* attorney general, for appellee.

Before BUSER, P.J., MALONE and CAPLINGER, JJ.

CAPLINGER, J.: Robert Siesener argues the district court erroneously calculated his criminal history score when it included a Missouri conviction for which he received a suspended imposition of sentence.

Siesener pled no contest to two counts of conspiracy to commit kidnapping and then filed a motion for downward departure arguing his out-of-state conviction should not have been considered in calculating his criminal history score. The district court denied Siesener's motion and sentenced him to a controlling term of 120 months' imprisonment.

On appeal, Siesener argues the district court erred in considering his prior Missouri conviction, for which he received a suspended imposition of sentence. He reasons a suspended imposition of sentence in Missouri is equivalent to a diversion in Kansas, which would not be included in his criminal history. See K.S.A. 21-4710(a); *State v. Presha*, 27 Kan. App. 2d 645, Syl.¶ 2, 8 P.3d 14, *rev. denied* 269 Kan. 939 (2000).

Appellate courts may review a defendant's claim that the sentencing court erred in including a prior conviction for criminal history purposes. K.S.A. 21-4721(e)(2). The facts required to classify out-of-state convictions must be established by the State by a preponderance of the evidence. K.S.A. 21-4711(e). This court must determine whether substantial competent evidence supports the trial court's finding. *Presha*, 27 Kan. App. 2d at 648. Interpretation of the Kansas Sentencing Guidelines Act is a question of law, over which this court has unlimited review. *State v. Smith*, 33 Kan. App. 2d 554, 555, 105 P.3d 738, *rev. denied* 279 Kan. 1010 (2005).

We have held that certain deferred adjudications from other jurisdictions can be considered for criminal history purposes. For instance, in *State v. Hodgden*, 29 Kan. App. 2d 36, 25 P.3d 138, *rev. denied* 271 Kan. 1040 (2001), this court determined that a conviction that had been set aside in Alaska was similar to a Kansas expungement, which Kansas includes in criminal history per K.S.A. 21-4710(d)(2). 29 Kan. App. 2d at 40. Thus, the court concluded that even though the conviction would not have been considered

for criminal history purposes in Alaska, it was proper to include it in the defendant's Kansas criminal history. 29 Kan. App. 2d at 40.

Similarly, in *State v. Macias*, 30 Kan. App. 2d 79, 39 P.3d 85, *rev. denied* 273 Kan. 1038 (2002), this court considered whether to include the defendant's deferred adjudication in Texas in calculating the defendant's criminal history in Kansas, which does not include diversions in criminal history calculations. The court noted that the answer to this issue turned on whether the defendant's factual guilt was established in the foreign state. 30 Kan. App. 2d at 83. Because Texas' deferred adjudication procedure required a plea of guilty or nolo contendere and a finding that the evidence substantiated the defendant's guilt, the *Macias* court held the conviction could not be treated as a diversion is treated in Kansas, which does not require the defendant to plead guilty to the crime. *Macias*, 30 Kan. App. 2d at 81-82 (citing Tex. Code Crim. Proc. Ann. 42.12[5][a] [West 2002 Supp.]).

The *Macias* court relied on *Presha*, 27 Kan. App. 2d at 648-50, where this court held that defendant's prior Florida adjudication should be considered for sentencing purposes even though the conviction would not have been considered a prior conviction for sentencing purposes in Florida. 30 Kan. App. 2d at 82. In *Presha*, the factual guilt of the defendant had been determined in Florida; thus, the Florida conviction could be considered in Kansas. See 30 Kan. App. 2d at 82.

Moreover, although the issue before the court was not identical to the issue here, the Kansas Supreme Court's analysis in *State v. Pollard*, 273 Kan. 706, 44 P.3d 1261 (2002), is instructive. There, the court considered whether a Missouri suspended imposition of sentence could be considered the requisite prior felony for a Kansas conviction of criminal possession of a firearm. The district court ruled that because a suspended imposition of sentence was not a conviction under Missouri law, see *Yale v. City of Independence*, 846 S.W.2d 193, 196 (Mo. 1993), it could not be considered a prior conviction for a Kansas conviction of criminal possession of a firearm under K.S.A. 2001 Supp. 21-4204(a)(3).

The Kansas Supreme Court in *Pollard* determined that Kansas law should apply to determine whether a prior suspended impo-

sition of sentence is a "conviction" in this situation. 273 Kan. at 712. And, in Kansas, the definition of conviction includes "a judgment of guilt entered upon a plea of guilty." K.S.A. 2004 Supp. 21-3110(4). The court further considered the fact that this court, in *Hodgden, Macias,* and *Presha,* held a guilty plea in an out-of-state case sufficient to allow the use of that out-of-state conviction at sentencing in a subsequent Kansas conviction. *Pollard,* 273 Kan. at 713. Thus, the *Pollard* court concluded that because the journal entry in the Missouri case stated Pollard was found guilty of the felony upon his plea of guilty, Kansas law would consider that a prior conviction for purposes of the criminal possession of a firearm statute. *Pollard,* 273 Kan. at 714.

Similarly, in this case, Siesener received a suspended imposition of sentence in Missouri. However, Siesener testified at the sentencing hearing that he did not plead guilty in the Missouri case, but rather pled no contest. The journal entry in Siesener's Missouri conviction reveals otherwise:

"Defendant's decision to plead guilty has been made freely and voluntarily and intelligently. Beyond a reasonable doubt, defendant is guilty of the crime(s). The plea of guilty is accepted and the Court finds that the defendant is guilty of the crime(s)."

We thus conclude that because Siesener pled guilty in Missouri before receiving his suspended sentence, substantial competent evidence supported the trial court's consideration of the defendant's Missouri conviction for criminal history purposes.

*Prior convictions*

Siesener next argues the district court erred by including prior convictions in his criminal history without submitting the convictions to a jury for proof beyond a reasonable doubt. Siesener's constitutional attack on the district court's application of his criminal history is a question of law requiring an unlimited review. *State v. Ivory,* 273 Kan. 44, 46, 41 P.3d 781 (2002).

All prior convictions must be included in a defendant's criminal history score unless they are an element of the present crime, enhance the severity level or applicable penalties, or elevate the classification from misdemeanor to felony. K.S.A. 21-4710(d)(11). The

United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Siesener recognizes the Kansas Supreme Court rejected his argument in *Ivory*, but he claims *Ivory* was incorrectly decided. In *Ivory*, the court analyzed the prior conviction exception to the *Apprendi* rule and held that *Apprendi* did not require a jury finding of the fact of a prior conviction beyond a reasonable doubt in order to include that conviction in a defendant's criminal history score. 273 Kan. at 46. The court also rejected the argument that *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998), the source of the prior conviction exception, had been called into doubt by *Apprendi*. *Ivory*, 273 Kan. at 46-47.

This court is duty bound to follow Kansas Supreme Court precedent unless there is some indication the court is departing from its previous position. *State v. Jackson*, 30 Kan. App. 2d 288, 299, 41 P.3d 871 (2002). Siesener proffers no such indication.

Affirmed.