(881 P.2d 573)
No. 70,814

STATE OF KANSAS, *Appellee*, v. RICHARD A. STAVEN, *Appellant*.

Opinion filed August 5, 1994.

*Jean K. Gilles Phillips*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jennifer M. Wieland*, assistant county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., ELLIOTT and ROYSE, JJ.

ELLIOTT, J.: Richard A. Staven appeals the trial court's refusal to convert his sentence under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq*.

We reverse and remand.

In 1992, Staven pled guilty to theft, a class E felony, and was sentenced to one to two years in prison. In 1993, the Kansas Department of Corrections (DOC) filed a sentencing guidelines report for Staven, indicating he was eligible for retroactive application of the KSGA.

The State opposed sentence modification under the KSGA, contending Staven had three prior nonperson felonies in addition to the current offense of incarceration and referring to the Topeka Correctional Facility report which recommended Staven "serve an appropriate sentence" because he had been out of prison less than two months before committing the offense for which he is currently incarcerated.

At a hearing on the DOC sentencing guidelines report pursuant to K.S.A. 1993 Supp. 21-4724(d), the State argued against retroactivity and conversion and urged that the court find the original sentence was appropriate. The trial court stated: "I'm going to enter a finding that the sentence that was pronounced on July 2nd, 1992, was an appropriate sentence and stay with that particular sentence."

As we read that statement, the trial court refused to convert Staven's sentence, rather than convert and depart from the KSGA-mandated sentence. In this, the trial court erred.

In *State v. Gonzales*, 255 Kan. 243, 874 P.2d 612 (1994), our Supreme Court held that the retroactivity provisions of the KSGA make conversion of an inmate's sentence mandatory once it is determined retroactivity applies. 255 Kan. at 250. In converting, the trial court may consider any information that would have been available at the time of the original sentence and may impose a departure sentence if warranted. Any departure, however, must be supported by written findings and an order. 255 Kan. at 250.

In the present case, the trial court had no discretion to refuse to convert Staven's sentence. It must convert and then depart from the KSGA if warranted. Merely imposing the original sentence is not a conversion and departure under the KSGA. 255 Kan. at 250-51.

On remand, the trial court must convert Staven's sentence. It then has discretion to depart from that sentence by stating upon

the record the substantial and compelling reasons for its departure.

Conceivably, the trial court on remand could essentially achieve what it attempted to do previously. But there is no journal entry on the current matter at all; there is only a transcript of the hearing. By offering these instructions, we hope the need for numerous appeals on similar facts will be curtailed.

Since we are remanding for further proceedings, some additional issues need to be mentioned.

Staven contends the trial court erred when it determined he had three prior nonperson felonies, since the DOC report apparently only mentioned one. The burden is on the prosecution regarding disputed criminal history issues. K.S.A. 1993 Supp. 21-4724(c)(4).

In the present case, the State presented certified copies of journal entries as follows:

—K-61411. In 1990, in Johnson County, Richard A. Staven pled guilty to an amended count of theft, a class E felony.
—87 CR 172. In 1987, in Ellis County, Richard A. Staven was found guilty of attempted burglary, a class E felony.
—90 CR 673. In 1991, in Reno County, Richard A. Staven pled nolo contendere to felony theft, a class D felony.

Ordinarily, using certified or authenticated copies of journal entries of prior convictions is "the best possible evidence" of prior criminal history. *State v. Maggard,* 16 Kan. App. 2d 743, 753, 829 P.2d 591, *rev. denied* 251 Kan. 941 (1992).

Under the Habitual Criminal Act, K.S.A. 1993 Supp. 21-4504, a certified or attested copy of a journal entry of conviction is sufficient proof of a prior offense unless the defendant denies he or she is the same person named in the prior felony journal entry. See *State v. Grissom,* 251 Kan. 851, 935-36, 840 P.2d 1142 (1992); *State v. Cippola,* 202 Kan. 624, 629, 451 P.2d 199, *cert. denied* 396 U.S. 967 (1969).

K.S.A. 1993 Supp. 21-4724(c)(4) requires the State to prove at least as much as is required under the Habitual Criminal Act because the legislature incorporated the purpose of the Habitual Criminal Act into the KSGA. See Coates, Summary of the Rec-

ommendations of the Sentencing Commission, p. 8 (report to House Committee on Judiciary, March 16, 1992).

In the present case, Staven's counsel did raise the issue of identity with respect to the three prior felonies, ("I think there's certainly [a] question as to whether we're talking about the same person") although counsel did not file an objection as required by K.S.A. 1993 Supp. 21-4724(c)(4).

Should identity remain an issue on remand, we are confident the trial court will follow the guidance of the cases cited above.

Finally, Staven argues the trial court, on conversion, must convert his sentence to the middle number in the appropriate box of the grid. If so, according to Staven, even with three prior nonperson felonies, his sentence under the KSGA would be 10 months, not 11 months as found by the trial court. We disagree.

K.S.A. 1993 Supp. 21-4724(d)(1) provides that a conversion *by the DOC* "shall be to the mid-point of the range in the applicable grid box." This section clearly applies only to conversion done by the DOC. If, however, a hearing on the DOC report is requested and held by the trial court, "the *court* shall determine the applicable sentence as prescribed by the Kansas sentencing guidelines act." K.S.A. 1993 Supp. 21-4724(d)(2). (Emphasis added.)

While *Gonzales* states conversion is mandatory, we hold the trial court does have discretion to sentence within the box, as well as the ability to impose a departure sentence. Simply put, the trial court possesses the discretion to sentence Staven to any sentence within the appropriate grid box.

On remand, in the event the trial court wishes to depart from the KSGA, it must be justified "by written findings and an order as required by the guidelines." *Gonzales*, 255 Kan. at 250.

Reversed and remanded.