No. 79,935

STATE OF KANSAS, *Appellee*, v. JASON WADE HUDSON, *Appellant*.
(985 P.2d 1167)

Opinion filed May 28, 1999.

*J. Brent Getty*, assistant appellate defender, argued the cause, and *Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were with him on the brief for appellant.

*Julie A. McKenna*, county attorney, argued the cause, and *Christina Pellant*, assistant county attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: We granted the State's petition for review of an unpublished opinion of the Court of Appeals. The Court of Appeals held the trial court had considered inadmissible documents from California in determining defendant's criminal history. The Court of Appeals was of the opinion the California documents were not properly authenticated and certified and vacated defendant's sentence.

The Court of Appeals remanded the case to the trial court for resentencing with a reminder that "[u]pon remand for resentencing, the State is not foreclosed from presenting properly authenticated copies of a defendant's felony convictions that had previously been identified but inadequately authenticated or attested."

Judge Christel E. Marquardt, relying on *State v. White*, 23 Kan. App. 2d 363, 931 P.2d 1250 (1997), *rev. denied* 261 Kan. 1087 (1997), and K.S.A. 60-465, dissented, as she would have affirmed the sentence. We agree. We reverse the judgment of the Court of Appeals vacating the sentence and affirm the judgment of the trial court.

This court originally granted review because there were choices to be made between *White* and *State v. Strickland*, 21 Kan. App. 2d 12, 900 P.2d 854 (1995). When this appeal was docketed in this court, K.S.A. 60-465 (the basis for the *White* and *Strickland* cases) had been amended effective July 1, 1998. The documents in question were introduced into evidence on April 25, 1997, and the Court of Appeals filed its opinion on December 4, 1998.

The documents introduced into evidence are admissible under the 1998 amendments to K.S.A. 60-465. The amended versions provide in pertinent part that "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required if . . . the office in which the record is kept is within the United States . . . and the writing is attested to as required in clause (1) and authenticated by seal of the office having custody. . . ." Clause (1) provides in pertinent part that "the writing is attested as a correct copy of the record or entry by a person purporting to be an officer, or a deputy of an officer, having the legal custody of the record." K.S.A. 1998 Supp. 60-465.

The documents in question show the convictions of defendant. Each page of each document bears the seal of the Superior Court of the County of Sacramento, California, and certifies it is a copy of the official records and that the attesting officer has custody of the records. The requirements of the 1998 amendments to K.S.A. 60-465 are satisfied. Hudson does not allege or claim he is not the person convicted in California.

We are dealing with the procedure to introduce evidence of an official record. In *State v. Crow*, 266 Kan. 690, 974 P.2d 100 (1999), we considered a statute (K.S.A. 1996 Supp. 22-3437) dealing with the admission of documentary evidence and held it was procedural. The legislature has seen fit to relax its rules concerning official records of a sister state. Thus, the records at issue would

unquestionably be admissible upon remand, and it would be unnecessary to return the documents to California for further authentication. We, thus, reverse the judgment of the Court of Appeals vacating the sentence and remand for resentencing and affirm the judgment of the trial court.

We note that in *State v. Voiles*, 226 Kan. 469, 601 P.2d 1121 (1979), this court held that certified, but not authenticated, copies of out-of-state felony convictions constituted competent evidence of the out-of-state convictions to enhance defendant's sentence under the Habitual Criminal Act. (K.S.A. 21-4504.)

The judgment of the Court of Appeals vacating the sentence of the district court is reversed and the judgment of the district court is affirmed.