(8 P.3d 14)

No. 81,571

STATE OF KANSAS, *Appellee*, v. RODNEY TERRANCE PRESHA, *Appellant.*

Opinion filed June 16, 2000.

*Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Sarah S. Henson*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., RULON, J., and RICHARD B. WALKER, District Judge, assigned.

WALKER, J.: The defendant Rodney T. Presha appeals from the determination of the sentencing court concerning his criminal history. We affirm.

The defendant was convicted following his plea of guilty to one count of aggravated robbery and one count of misdemeanor battery. Only one prior conviction was shown in defendant's presentence investigation, a juvenile felony in Florida for sale or delivery of cocaine. The resulting criminal history score was "G." The de-

fendant disputed this conviction, and the sentencing court continued defendant's sentencing.

At the resumed sentencing hearing, the defendant argued the Florida journal entry indicated the Florida court withheld an adjudication of delinquency. As such, defendant contends he had not been convicted of the offense, and such offense should not be included in his criminal history.

In overruling the defendant's objection, the sentencing court found that a determination by the Florida court that the defendant had committed the offense was controlling in Kansas. The court subsequently sentenced the defendant to a 60-month prison term for aggravated robbery and a concurrent 6-month jail term for the battery conviction.

The defendant first argues the State did not meet its burden of proof by showing that the prior felony conviction listed in the presentence investigation was properly included in his criminal history. Defendant's contention is that the Habitual Criminal Act (HCA) applies in defining "prior conviction" in K.S.A. 21-4710(a) for purposes of determining the criminal history under the Kansas Sentencing Guidelines Act (sentencing guidelines), K.S.A. 21-4701 *et seq.* This issue is a question of law and appellate review is unlimited. *State v. Hankins*, 19 Kan. App. 2d 1036, 1049, 880 P.2d 271 (1994).

Under the Kansas Sentencing Guidelines Act, the criminal history worksheet satisfies the State's burden to prove a defendant's criminal history unless the defendant contests the criminal history worksheet. K.S.A. 21-4715(b) and (c). If the defendant disputes the criminal history, the State is allowed to produce evidence which establishes the disputed portion of the criminal history by a preponderance of the evidence. K.S.A. 21-4715(c).

Under the HCA, a sentence can only be enhanced after the court finds from competent evidence that the defendant has prior felony convictions, in or out of the state. K.S.A. 21-4504(f). Generally, prior felony convictions to invoke the HCA are proven by certified or authenticated copies of the journal entries of conviction. A certified copy of a journal entry of conviction is the best evidence because it includes all the necessary facts required by K.S.A. 1999

Supp. 22-3426. *State v. Maggard*, 16 Kan. App. 2d 743, 753, 829 P.2d 591, *rev. denied* 251 Kan. 941 (1992). However, if the defendant disputes identity, the State may have to produce additional evidence.

This court has considered whether the evidence required to show a prior conviction under the HCA as stated in *Maggard* was applicable to the sentencing guidelines. *State v. Staven*, 19 Kan. App. 2d 916, 918-19, 881 P.2d 573 (1994). When defendant wanted his sentence for a crime committed prior to July 1, 1993, converted under the sentencing guidelines, the State argued he was not eligible for conversion because his criminal history included three prior felony convictions and submitted certified copies of the journal entries as proof. Defendant argued the proof was insufficient. This court held that, under the applicable sentencing guidelines statute, the State is required to prove as much as it was required to prove under the HCA because the legislature incorporated the purpose of the HCA into the sentencing guidelines. 19 Kan. App. 2d at 918.

The State argues *State v. Roderick*, 259 Kan. 107, 113, 911 P.2d 159 (1996), held that the HCA rule for sentencing enhancement did not apply in determining criminal history under the sentencing guidelines definition of prior conviction. In *Roderick*, the issue was whether multiple convictions entered at the same time but in different cases were included in the criminal history as a "prior conviction." *Roderick* is not controlling because it did not involve what proof was necessary to prove a prior conviction.

While the defendant is technically correct in asserting that a certified copy of a journal entry which complies with 22-3426 is proof of a prior felony conviction when the criminal history is disputed, this argument begs the issue. The defendant fails to recognize the State is not limited in its proof to presenting *only* the certified copy of the journal entry of conviction.

The defendant ignores the other certified Florida documents presented by the State to the trial court. In *Hankins*, the court stated a certified copy of a journal entry of conviction will be adequate proof, but acknowledged other forms of evidence may also satisfy the State's burden of proof. 19 Kan. App. 2d at 1050. This

is consistent with *Maggard*. *Maggard* merely states that a journal entry of conviction complying with 22-3426 is the best evidence under the HCA, but it did not limit the journal entry as the only evidence or require all information required under 22-3426 to be on the journal entry alone.

Based upon our analysis of the law, we conclude defendant's argument to be without merit.

The defendant next contends the Florida journal entry does not comply with 22-3426(a). Defendant argues the journal entry was insufficient as factual proof of a prior conviction because the Florida court withheld adjudication. The Kansas Sentencing Guidelines Act requires that juvenile adjudications only, not diversions, be included in criminal history under K.S.A. 21-4710(a).

Whether the proof presented by the State is sufficient to show a prior conviction is a factual issue. The appellate court's review is limited to determining whether substantial competent evidence supports the trial court's finding the Florida juvenile offense should have been included as an adjudication. Cf. *Hankin*, 19 Kan. App. 2d at 1049.

The Florida journal entry does not state or even imply the defendant was given a diversion. The sentencing court stated the controlling factor was the Florida court's finding that the defendant committed the offense, not whether he had been adjudicated or placed on diversion.

The issue becomes whether under Kansas law the defendant would have been deemed to have been adjudicated. The juvenile adjudicatory process in Florida is similar to Kansas. The juvenile has a right to counsel and counsel is appointed if not retained or waived, Fla. Stat. § 985.203(1) (1999); the juvenile is afforded the same rights against self-incrimination and illegally seized evidence, Fla. State § 985.228(2)(c) (1999); the rules of evidence for criminal cases apply, Fla. Stat. § 985.228(2); the juvenile can present evidence and cross-examine witnesses, Fla. Stat. § 985.228(2)(b); and at the adjudicatory hearing, the evidence must establish the findings beyond a reasonable doubt, Fla. Stat. § 985.228(2)(a).

The distinction between the Kansas and the Florida adjudicative process is in the use and meaning of the term "adjudication." In

Kansas, if the court finds a juvenile committed a crime, it *shall* adjudicate that person to be a juvenile offender and may issue a sentence. K.S.A. 1999 Supp. 38-1655. In Florida, if the court finds the juvenile violated a law, the court has *discretion* to withhold adjudication of delinquency. If so, the juvenile is placed in a community control program. Fla. Stat. § 985.228(4). Florida does not consider a juvenile adjudication as a conviction, nor is the juvenile deemed to have been found guilty or a criminal by the adjudication. Fla. Stat. § 985.228(6). Nevertheless, such statutes do not prevent Kansas from including the out-of-state juvenile adjudications in a defendant's criminal history score. *State v. Pope*, 23 Kan. App. 2d 69, 81, 927 P.2d 503 (1996), *rev. denied* 261 Kan. 1088 (1997). Under K.S.A. 1999 Supp. 21-4711(f), out-of-state juvenile adjudications are treated as juvenile adjudications in Kansas. *Pope*, 23 Kan. App. 2d at 79.

As noted above, the defendant fails to recognize that the trial court properly considered other certified Florida documents presented by the State in making its determination of criminal history.

The Florida order of adjudication shows the date, location, and the offense and applicable statute and further provides that defendant committed the offense as alleged in the petition and that the findings were made after the court considered all of the evidence. Defendant was released to community control and ordered to comply with certain conditions. A certified document, dated the same day as the adjudication hearing and entitled "Fingerprints of Juvenile Offender," shows defendant and his counsel were before the court and defendant was adjudicated or had adjudication withheld for the offense of sale or delivery of cocaine. Taken together, the certified Florida documents were substantial competent evidence which established a prior felony juvenile adjudication under Kansas law by a preponderance of the evidence.

This is consistent with *State v. White*, 23 Kan. App. 2d 363, 931 P.2d 1250, *rev. denied* 261 Kan. 1089 (1997). In *White*, the court found that a copy of a California document entitled "Register of Actions—Young Authority, State of California" was competent evidence that the defendant was adjudicated a juvenile by reason of having committed the crimes of kidnapping and rape in 1962, when

coupled with two letters which appeared to recite what its official records showed. 23 Kan. App. 2d at 371-73.

We conclude the sentencing court had substantial competent evidence before it to find the defendant's Florida offense should be included in his criminal history.

Affirmed.