(80 P.3d 1175)
No. 89,921

STATE OF KANSAS, *Appellant*, v. TROY ALLEN KRALIK, *Appellee*.

—

Opinion filed December 19, 2003.

*Joe Shepack*, county attorney, and *Phill Kline*, attorney general, for appellant.

*Mike Sheahon*, of Salina, for appellee.

Before PIERRON, P.J., GREENE, J., and JONES, S.J.

Greene, J.: On a question reserved, the State appeals whether and to what extent a district court should, for purposes of determining the existence of prior convictions for violation of K.S.A 8-1567, give deference to ambiguous findings or recitals in prior jour-

nal entries. We conclude that the district court erred in disregarding such findings, and we sustain the State's appeal.

*Factual and Procedural Overview*

The State charged Troy Allen Kralik with driving under the influence (DUI) alternatively under K.S.A. 8-1567(a)(3) and K.S.A. 8-1567(a)(2), but charged the DUI as a felony on the basis that Kralik had two prior DUI convictions. The only evidence of two prior convictions was a single journal entry from a 1991 conviction, which contained the following reference: "The court further finds that the defendant had a prior DUI in 1988." The State was unable to locate any other evidence of a DUI conviction in 1988.

Prior to trial, in response to a question raised by Kralik on the matter, the State moved for a determination of whether the 1991 journal entry was sufficient to establish Kralik had two prior convictions of DUI. The district court refused to accept the 1991 journal entry as proof of two prior DUI convictions, finding without elaboration that it constituted evidence of only one prior DUI — the 1991 conviction. Accordingly, the court ordered that the pending DUI offense be classified as a class A misdemeanor. See K.S.A. 8-1567(e) (second conviction of DUI is class A misdemeanor.)

Kralik pled guilty to a second-time DUI and received a sentence of 180 days' imprisonment. The court then suspended all but 10 days of the sentence and placed Kralik on probation.

The State filed a timely notice of appeal pursuant to K.S.A. 2002 Supp. 22-3602(b)(3), contending that the question reserved is one of statewide interest.

*Standard of Review*

The narrow question framed by this appeal requires only that we construe language contained within a journal entry of judgment. The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 763, 27 P.3d 1 (2001); see *State v. White*, 23 Kan. App. 2d 363, 368-73, 931 P.2d 1250, *rev. denied* 261 Kan. 1089 (1997).

*Threshold Issue on Reserved Question*

An appeal on a question reserved by the prosecution will not be entertained merely to demonstrate that errors have been committed by the trial court. The question must be of statewide interest and vital to a correct and uniform administration of the criminal law. *City of Overland Park v. Povirk*, 262 Kan. 531, 532, 941 P.2d 369 (1997). The State contends that our prior cases fail to provide adequate guidance on the question reserved and that, given the importance of criminal history in sentencing, guidance on the question "would be welcomed by judges, prosecutors, and defense attorneys in all 105 counties." Although appellee disagrees, we elect to hear this appeal and address the question in the interest of achieving a correct and uniform administration of the criminal law in Kansas. See *State v. Hernandez*, 29 Kan. App. 2d 522, 523-24, 28 P.3d 1031, *rev. denied* 272 Kan. 1421 (2001).

*Overview of Prior Case Law Addressing Proof of Criminal History*

The State has the burden of proving a disputed criminal history and must do so by a preponderance of the evidence. K.S.A. 21-4724(c)(4); K.S.A. 2002 Supp. 21-4715(a). When a defendant properly contests the accuracy of his or her alleged criminal history and the State attempts to establish criminal history with copies of official documents, those documents must satisfy the requirements of authentication under K.S.A. 60-465 to be admissible as an exception to the hearsay rule. *State v. Strickland*, 23 Kan. App. 2d 615, 618, 933 P.2d 782, *rev. denied* 262 Kan. 968 (1997). Such authentication may be proven under any of the applicable statutory subsections and need not necessarily be certified or attested under 60-465(3) or (4). *State v. White*, 23 Kan. App. 2d 363, 368-70, 931 P.2d 1250, *rev. denied* 261 Kan. 1089 (1997).

A certified copy of a journal entry of conviction is the best evidence of a prior conviction for purposes of determining criminal history. *State v. Presha*, 27 Kan. App. 2d 645, 646-47, 8 P.3d 14, *rev. denied* 269 Kan. 939 (2000). When such a document is from a Kansas court, certification of the copy suffices to meet the authentication requirements under K.S.A. 60-465(3). *Strickland*, 23 Kan. App. 2d at 618. When such copies are offered from courts of

other states, however, we have held that they need to be certified or attested and accompanied by the certificate required by K.S.A. 60-465(4) in order to meet the requirements for authentication under subsections (3) and (4). 23 Kan. App. 2d at 618; see *State v. Baker*, 237 Kan. 54, 55, 697 P.2d 1267 (1985). All of these rules apply when the identity of the defendant has not been questioned; where identity is properly questioned, the better practice would dictate that the State should offer evidence showing that the defendant is the same person who was referenced in documentation of the prior convictions. *State v. Cippola*, 202 Kan. 624, 629-30, 451 P.2d 199 (1969).

Two previous cases have addressed more difficult issues in proof of criminal history. In *State v. Hankins*, 19 Kan. App. 2d 1036, 880 P.2d 271 (1994), journal entries of prior convictions for burglary failed to specify whether these were residential burglaries and could be counted as prior person felonies. Because the State supplemented evidence of the prior convictions with certified copies of the complaints, a panel of this court held that there was adequate proof of the prior person felony convictions. 19 Kan. App. 2d at 1050. In *State v. Humphrey*, 258 Kan. 372, 905 P.2d 664 (1995), a certified copy of a judgment and commitment order was admitted, but the offense was not labeled as a felony within the four corners of the documents. The Supreme Court held that where the applicable criminal code in effect at the time of the offense clearly established that the offense was a felony, there was no deficiency in the proof of the prior felony conviction. 258 Kan. at 373.

*The Question Reserved in This Appeal*

Here, the 1991 journal entry unquestionably proved the prior DUI conviction in 1991 but merely mentioned a 1988 "prior DUI." The obvious problem is that in the absence of any other proof, this does not establish a prior *conviction* and could mean only (no matter how unlikely) that the defendant was merely arrested and received diversion or was acquitted of a "prior DUI." This is undoubtedly the basis for the district court's refusal to accept the ambiguous reference as evidence of a prior conviction for purposes of criminal history. In the absence of the additional information

provided within the journal entry as discussed below, we would likely have affirmed the district court.

Following the rationale of *Humphrey*, however, we have examined the balance of the 1991 journal entry to determine whether there is additional information that may establish that the 1988 reference is to a prior conviction. K.S.A. 8-1567 has been amended numerous times, but the law in effect on April 9, 1991, the date of the prior DUI, was L. 1990, ch. 47, sec. 3, requiring a sentence of not less than 48 hours' nor more than 6 months' imprisonment for a first conviction. K.S.A. 1990 Supp. 8-1567(f). For a second conviction, the sentence was not less than 90 days nor more than 1 year of imprisonment. L. 1990, ch. 47, sec. 3; K.S.A. 1990 Supp. 8-1567(g). Since the 1991 journal entry itself states that Kralik was given a sentence of 1 year for his April 9, 1991, conviction, we conclude that the journal entry alone is proof that this was his second conviction. Accordingly, the district court erred in refusing to find that the 1991 journal entry was adequate to prove two prior DUI convictions.

We hold that where examination of applicable law in effect on the date of a journal entry, together with *all* information within the four corners of a certified journal entry, serves to resolve any ambiguity regarding a prior conviction, the district court should consider the journal entry as adequate proof of the prior conviction for purposes of criminal history.

Appeal sustained.