NOT DESIGNATED FOR PUBLICATION

No. 113,648

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL PORTSCHE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed January 13, 2017. Sentence vacated and case remanded with directions.

*Dennis J. Stanchik*, of Olathe, for appellant.

*Andrew Hamline*, legal intern, *Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

BUSER, J.:  This is an appeal by Michael Portsche of his conviction and sentence for the felony offense of driving under the influence of alcohol (DUI) for a third time in violation of K.S.A. 2015 Supp. 8-1567(b)(1)(D). In support of the felony DUI charge and to prove Portsche's criminal history, the State relied on copies of court records from his two prior DUI cases.

On appeal, Portsche complains that the district court erred in ruling that the State had sufficiently proven the existence of the two prior DUI convictions. Portsche seeks to

1

reverse his felony DUI conviction or, alternatively, to vacate his felony sentence and remand for resentencing as a misdemeanor.

As discussed in this opinion, the sentence is vacated, and the case is remanded for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2014, Portsche was charged with misdemeanor DUI in Johnson County, Kansas. Later, an amended complaint was filed charging Portsche with felony DUI based on two prior DUI convictions, failure to maintain a single lane, and refusal to take a preliminary breath test. Portsche waived the preliminary hearing and entered pleas of not guilty to the charges.

Prior to trial, Portsche filed a motion to dismiss the felony DUI charge, arguing that copies of the records of his prior DUI convictions, which supported the basis for the felony DUI classification, were not properly certified or authenticated. On August 22, 2014, a hearing was held on Portsche's motion, and the district court denied the motion based on *State v. Tims*, 49 Kan. App. 2d 845, 849, 317 P.3d 115 (2014), *aff'd in part and vacated in part on other grounds by State v. Tims*, 302 Kan. 536, 355 P.3d 660 (2015).

Portsche waived his right to a jury trial and agreed to a bench trial on stipulated facts. On December 1, 2014, the district court found Portsche guilty of DUI. The State dismissed the remaining charges.

After the trial, Portsche filed a motion asking that his DUI conviction be classified as a misdemeanor and also objecting to his criminal history. He reprised his argument that the records of his two prior DUI convictions were not properly authenticated. Portsche also asserted that one record did not show that he had been represented by

2

counsel or had waived his right to counsel. After reviewing the exhibits, the district court ruled the court records memorializing Portsche's two prior DUI convictions were admissible as evidence. The district court then denied Portsche's motion to classify his current DUI conviction as a misdemeanor and scheduled the case for sentencing.

At sentencing on February 17, 2015, Portsche renewed his objections and incorporated his previous motions and arguments. The objections were overruled and Portsche was sentenced to 12 months' imprisonment. Portsche was granted probation for 12 months after serving 3 days in jail followed by 90 days on house arrest.

Portsche filed a timely appeal.

DENIAL OF MOTION TO DISMISS FELONY DUI CHARGE

For his first issue on appeal, Portsche complains that because the documentary exhibits admitted by the State to prove his two prior DUI convictions were not properly admissible as evidence:  "[T]he State did not meet its burden of proving the elements of the Complaint beyond a reasonable doubt and the court should have sustained [Portsche's] motion to dismiss." The State responds that the district court did not err in denying his "post-preliminary-hearing motion to dismiss" because Portsche "waived this claim when he failed to object to the felony designation at the preliminary hearing."

As noted earlier, on June 18, 2014, Portsche waived the preliminary hearing and entered a plea of not guilty upon his arraignment for the felony crime of DUI. On August 19, 2014, however, Portsche filed a motion to dismiss the felony DUI charge based on improper authentication of records memorializing his two prior DUI convictions. In particular, Portsche claimed the State had not provided him with properly certified records memorializing the two prior DUIs. Portsche also asserted the records were insufficient to prove his two prior DUI convictions as a sentencing enhancement matter.

3

In response, the State argued that Portsche had waived his opportunity to object to the felony classification of his current DUI charge based on our court's holding in *Tims*. In *Tims*, our court held:

"A defendant charged with felony driving under the influence (DUI) based on prior DUI convictions who wishes to challenge the felony classification grounds of the charge should do so at the preliminary hearing. Once a defendant has waived his or her preliminary hearing, the right to seek dismissal of a DUI charge on felony classification grounds is also waived. By waiving the preliminary hearing, a defendant consents to a finding that probable cause existed to establish that a felony was committed." 49 Kan. App. 2d 845, Syl. ¶ 2.

At the outset, we question Portsche's claim made in his motion that the State had failed to provide him with appropriate documentation regarding his two prior DUI convictions. In the ordinary course of criminal litigation, the State would have presented those documents at the preliminary hearing. But Portsche waived the preliminary hearing and, as a result, the State was not required to present any evidence regarding the prior DUI convictions at that time. As a result, the underlying legal basis for Portsche's motion to dismiss is not apparent.

We conclude that Portsche has failed to show reversible error in the district court's denial of his motion to dismiss the felony DUI charge.

First, Portsche failed to include a transcript of the hearing on his motion in the record on appeal. By not providing our court with a transcript of the hearing, we are unable to review the arguments presented by the parties, and the district court's ruling or its rationale. Without an essential record, we will presume the district court's ruling was correct. See *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013) (The party claiming an error occurred has the burden of designating a record that affirmatively

4

shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper.).

Despite Portsche's failure to include a transcript of the hearing, however, the district court did make an entry into the court's case file indicating that Portsche's motion was denied based on *Tims*. On appeal, without elaboration or complaint, Portsche acknowledges that "the motion was denied on the basis of the holding of the court in the first *Tims* case."

The district court's ruling, predicated on *Tims*, provides the basis for the second reason we affirm the district court's denial of the motion to dismiss. Although the district court denied Portsche's motion based on the procedural grounds that Portsche waived his right to contest the felony DUI classification by waiving the preliminary hearing, Portsche does not assert or brief that this procedural ruling was in error or that *Tims* does not control this issue. Rather, in his appellant's brief, Portsche simply ignores the procedural basis for the district court's ruling and only discusses the propriety of the merits of his argument regarding the inadmissibility of the documents proving his two prior DUI convictions.

In short, Portsche has not briefed the basis for why the district court's procedural ruling was in error. He has simply disregarded this ruling and ignored the fact that, as a consequence, there was no reason for the district court to address the merits of his argument. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). By not briefing why the district court's procedural ruling was in error, Portsche has waived and abandoned his first issue on appeal.

For his second issue on appeal, Portsche claims the State failed to meet its burden of proof in establishing his criminal history. In particular, Portsche asserts that the State's exhibits memorializing his two prior DUI convictions were improperly admitted which erroneously enhanced his sentence for felony DUI.

After his conviction for DUI in violation of K.S.A. 2015 Supp. 8-1567(b)(1)(D), Portsche filed a "Motion And Memorandum Supporting Sentencing As A Misdemeanor DUI And Objection To Criminal History." Once again, Portsche reprised his objections to the sufficiency of the documents used to show his two prior DUI convictions. The State did not file a response to this motion.

After reviewing the exhibits, the district court ruled the documents memorializing Portsche's two prior DUI convictions were admissible in evidence and sufficient to prove the convictions. The district court then denied Portsche's motion to classify his current DUI conviction as a misdemeanor and denied his objection to including Portsche's two prior DUI convictions in his criminal history.

Before we individually analyze the State's exhibits documenting Portsche's prior DUI convictions, a brief review of Kansas law and our standards of review is in order.

K.S.A. 2015 Supp. 8-1567(a) defines DUI. The offense can be either a misdemeanor or a nonperson felony. See K.S.A. 2015 Supp. 8-1567(b)(1). If a defendant has had two prior DUI convictions, one of which occurred in the last 10 years, the third conviction is a nonperson felony offense. K.S.A. 2015 Supp. 8-1567(b)(1)(D). In *State v. Masterson*, 261 Kan. 158, 164, 929 P.2d 127 (1996), our Supreme Court stated that "proof of a prior conviction is not an element of DUI to be established at trial and need not be brought out until the sentencing phase."

Additionally, the interpretation of written instruments, including journal entries, is a question of law subject to our unlimited review. See *State v. Kralik*, 32 Kan. App. 2d 182, 183, 80 P.3d 1175 (2003). Similarly, we conduct a de novo interpretation of statutes. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

The State must prove a defendant's disputed criminal history by a preponderance of the evidence. See K.S.A. 2015 Supp. 21-6814(c); *State v. Hughes*, 290 Kan. 159, 162, 224 P.3d 1149 (2010). This court's standard of review on appeal is "whether substantial competent evidence supports the district court's finding that the State has met this burden." 290 Kan. at 162.

Finally, this issue is predominantly evidentiary in nature. Portsche's principal complaint, especially with regard to the State's proof of his Kansas City, Missouri, DUI is that Kansas rules of evidence were not properly applied by the district court. Under these circumstances, the statutory rules are applied as a matter of law or as an exercise of the trial court's discretion depending on the applicable rule. *State v. Bowen*, 299 Kan. 339, 348, 323 P.3d 853 (2014).

For clarity, we will analyze separately Portsche's two prior DUI convictions and the documentation offered by the State to prove them.

*Kansas City, Missouri, Municipal Court DUI Conviction on August 3, 2007*

The State alleged that Portsche was convicted of DUI in Kansas City, Missouri, (KCMO) Municipal Court on August 3, 2007. In support of this claim, the State offered two exhibits into evidence. Exhibit 1A included a copy of a letter from the Johnson County District Attorney's Office to the KCMO Municipal Court requesting a "certified copy of the Journal Entry Of Judgment And Sentencing" regarding Portsche's "8/3/2007—DWI Arrest And Possible Conviction."

7

Exhibit 1A also comprised a two-page computerized document with markings identifying it as a record of case No. 832231687-A in the KCMO Municipal Court. This document contained Portsche's name, date of birth, and other identifiers. As requested by the Johnson County authorities, the record contained information about Portsche's conviction on August 3, 2007, for operating a motor vehicle while DUI. In particular, the record provided information under the following categories: (1) defendant information; (2) defendant license information; (3) vehicle information; (4) violation information; (5) officer information; (6) charge/disposition information; (7) program/probation history; (8) continuance history; (9) assesments; (10) payments; and (11) credit information.

The second page of the court document displayed an original inked seal stating, "Circuit Court of Jackson County Missouri Municipal Division." Beside the seal was an original handwritten signature of the "Clerk/Court Official" and the handwritten date of March 20, 2014.

Exhibit 1B is another two-page document which appears duplicate in form and contains almost identical information as contained in Exhibit 1A. On page two of Exhibit 1B, however, are two new categories in addition to the 11 categories found in Exhibit 1A. These two categories were described as "Case Remarks" and "Audit History." Contained in the case remarks section is found an entry for "08/03/2007 Waived Counsel." The second page of Exhibit 1B also contains an original seal identical to the one on Exhibit 1A; however, no signature of the court clerk is handwritten beside the seal.

Upon the district court's review of Exhibts 1A and 1B, the court found the documents sufficiently proved Portsche's prior KCMO DUI conviction. In particular, the district judge stated, "They both have the seal of Circuit Court of Jackson County, Missouri. One is signed but I think it's clear to the Court after reviewing those two" that there is a sufficient showing of a conviction.

8

On appeal, Portsche contends the docouments "contain nothing but the seal of the court. There is no attestation or certification that the documents are part of the official record of the municipal court nor that the person furnishing the documents is the official custodian of the records of that court." The State responds that both exhibits, considered together as the district court did, provided sufficient evidence of the KCMO DUI conviction.

K.S.A. 60-465 sets out the requirements of authentication that must be met in order for copies of official records to be admissible as exceptions to the hearsay rule. See K.S.A. 2015 Supp. 60-460(o).

In relevant part, K.S.A. 60-465 provides:

"A writing purporting to be a copy of an official record or of an entry therein, meets the requirements of authentication if the judge finds that the writing purports to be published by authority of the nation, state or subdivision thereof, in which the record is kept or evidence has been introduced sufficient to warrant a finding that the writing is a correct copy of the record or entry. Extrinsic evidence of authenticity as a condition precedent to admissibility is not required if: (1) The office in which the record is kept is within this state and the writing is attested as a correct copy of the record or entry by a person purporting to be an officer, or a deputy of an officer, having the legal custody of the record; (2) the office in which the record is kept is within the United States or territory or insular possession subject to the dominion of the United States and the writing is attested to as required in clause (1) and authenticated by seal of the office having custody or, if that office has no seal, by a public officer having a seal and having official duties in the district or political subdivision in which the records are kept who certifies under seal that such officer has custody."

Kansas courts have emphasized the plain meaning of K.S.A. 60-465's statutory language: "A certified copy of a journal entry of conviction is the best evidence because it includes all the necessary facts" when determining his or her criminal history. *State v.*

9

*Presha*, 27 Kan. App. 2d 645, 646-47, 8 P.3d 14 (2000). When the State attempts to establish a defendant's criminal history with copies of official documents, those copies must satisfy K.S.A. 60-465's authentication requirements, or they are inadmissible hearsay. *State v. Strickland*, 23 Kan. App. 2d 615, 618, 933 P.2d 782 (1997). Our Supreme Court has stated that copies of out-of-state records must be "attested to as required by K.S.A. 60-465 and authenticated by the seal of the office having custody." *State v. Hudson*, 267 Kan. 381, Syl.¶ 1, 985 P.2d 1167 (1999). The attestation required by K.S.A. 60-465 is that the document must be "attested as a correct copy of the record or entry by a person purporting to be an officer, or a deputy of an officer, having the legal custody of the record."

We are persuaded that Exhibits 1A and 1B are insufficient to meet the attestation requirement necessary for admission of an out-of-state court document under K.S.A. 60-465. Although the clerk's seal and signature pass muster as an authentication, given that these were Missouri court records it was also required that the court records have an attestation pursuant to K.S.A. 60-465. That attestation required a statement by the official legal custodian that Exhibits 1A and 1B were "a correct copy of the record or entry" of the court. See K.S.A. 60-465(1). No such attestation is found on either of these two exhibits.

Accordingly, we hold Exhibits 1A and 1B were not admissible under K.S.A. 60-465 and, as a result, the State did not prove Portsche's KCMO DUI conviction by a preponderance of the evidence. Moreover, substantial competent evidence does not support the district court's finding that the State had met its burden of proof.

*Kansas City, Kansas, Municipal Court DUI Diversion on February 20, 2003*

K.S.A. 2015 Supp. 8-1567(i)(1), (3) provides that a DUI diversion is considered a prior conviction for purposes of the DUI recidivist statute. In the present case, the State

10

asserted that Portsche was granted diversion on the charge of DUI in Kansas City, Kansas, (KCKS) Municipal Court on February 20, 2003.

In support of this claim, the State offered Exhibit 2 into evidence. Exhibit 2 was a copy of a uniform complaint and notice to appear which indicated that on October 24, 2002, Portsche was arrested for DUI and booked into jail. On the reverse side of the document were sections related to "Court Action and Other" and "Disposition." Under the disposition section was a stamped statement indicating that "Diversion Agreement Approved." The date of "2-20-03" was handwritten beside the stamped statement: "To Be Completed." The date of "2-20-04" was handwritten beside the stamped statement: "Case Continued." The date of "9-22-03" was handwritten beside the stamped statement: "For Payment of Fine." Although "Municipal Court Judge" was stamped below a line, there was no name or signature above the line.

At the bottom of Exhibit 2 was a stamped statement: "I hereby certify the above and foregoing to be a true and correct copy, of the original of which is filed and entered of record in this court." The handwritten signature of "Sunny S" appeared above the designation "Clerk Municipal Court Kansas City, KS." It also reflected the handwritten date of "8/29/14."

Upon the district court's review of Exhibit 2, the court found the court record sufficiently proved Portsche's prior KCKS DUI diversion. In particular, the district court stated:

> "Exhibit 2 is a little bit different in that it appears to be from Municipal Court in Kansas City, Kansas. It does, however, have the front side and the back side of the ticket which show the charge which show the diversion agreement approved and the date of that and the date of payment of the fine, in addition to the certification of the clerk of Municipal Court of Kansas City, Kansas, and their signature.

11

"And the Court does find that that will comply with the Kansas statute as far as proof of the conviction."

For the first time on appeal, Portsche candidly concedes that Exhibit 2 was properly authenticated as required for admission under K.S.A. 60-465. However, Portsche complains: "What is noticeably absent from the exhibit is any indication whether Appellant-Defendant was advised of or alternatively waived his statutory right to counsel."

More specifically, Portsche cites language from the Kansas statute pertaining to municipal court diversions, K.S.A. 2015 Supp. 12-4414(c), that provides: "In all cases, the defendant shall be present and shall have the right to be represented by counsel at the diversion conference with the city attorney." Portsche concludes, without any legal citation:

"In order to serve as evidence of a prior DUI conviction sufficient to meet the State's burden of proof in this instance, there must be extraneous evidence to establish whether Appellant-Defendant was either represented by counsel or that he voluntarily waived the statutory right to be so represented during the diversion conference with the city attorney."

The State responds:

"Because Portsche did not object on K.S.A. 12-4414(c) grounds, because the statute only deals with the right to counsel at a diversion 'conference,' because Portsche had no statutory right to appointed counsel in a diversion case, and because there is no requirement that a diversion be voided if it violates K.S.A. 12-4414(c), this Court should deny Portsche's claim, and affirm his conviction and sentence."

At the outset, upon our review of the record, we understand Portsche's argument before the district court was based on both a constitutional *and* statutory right to counsel

12

in diversion proceedings. By not raising his constitutional right to counsel on appeal, however, Portsche has abandoned that argument. See *Boleyn*, 297 Kan. at 633.

Although the district court did not specifically rule on this issue, we find that Portsche sufficiently raised the question of whether he had a statutory right to counsel during the diversion proceedings, and if so, whether Exhibit 2 showed that he waived that right. As a result, we will review this issue on appeal.

K.S.A. 2015 Supp. 12-4414(c) provides in part that in all municipal court diversion cases "the defendant shall be present and shall have the right to be represented by counsel at the diversion conference with the city attorney." Our Supreme Court has confirmed the plain language of subsection (c) by stating: "Based on the language of K.S.A. 12-4414(c), a defendant has a statutory right to be represented by counsel at a DUI diversion conference with a city attorney." *State v. Tims*, 302 Kan. 536, 537, Syl. ¶ 4, 355 P.3d 660 (2015).

*Tims* was a DUI sentence enhancement case. The defendant claimed, in part, that his prior DUI conviction was not valid because, although he had a statutory right to counsel, the certification language and protocol suggested by *Hughes*, 290 Kan. at 170-71, and *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 209, 708 P.2d 977 (1985), to insure that the municipal court judge adequately advised him of his right to counsel was not followed. Although there was no showing of any judicial certification language, Tims' signed diversion agreement indicated that he was informed of his right to counsel and he knowingly and voluntarily waived the right to be represented by an attorney during the diversion conference.

Our Supreme Court held that the certification language and procedure was not required because Tims' constitutional right to counsel did not attach during diversion proceedings. With particular regard to Tims' statutory right, however, the Supreme Court

13

stated: "Any waiver of the statutory right to be represented by counsel during a diversion conference must be knowing and voluntary. The language of the diversion agreement controls appellate review of the soundness of the waiver." *Tims*, 302 Kan. 536, Syl. ¶ 6.

Of note, our Supreme Court has not opined regarding whether proof of a prior misdemeanor DUI conviction requires a showing that the defendant was either represented by counsel at the diversion conference or waived that statutory right. In dicta, however, our court in *Paletta v. City of Topeka*, 20 Kan. App. 2d 859, 866, 893 P.2d 280 (1995), observed:

> "There is no statutory requirement in this state mandating that a defendant have counsel to enter into a misdemeanor diversion agreement. K.S.A. 12-4414(c) provides only that '[i]n all cases, the defendant shall be present and shall have the right to be represented by counsel at the diversion conference with the city attorney.' This statutory provision does not mandate that counsel be provided for a defendant nor void any diversion agreement entered into without counsel."

After *Tims*, we question the soundness of *Paletta*'s dicta. Both K.S.A. 2015 Supp. 12-4414(c) and *Tims* provide that Portsche had a statutory right to counsel during any diversion conference. The fact that our Supreme Court in *Tims* held that the waiver of that right in the diversion agreement must be knowing and voluntary suggests the importance of that statutory right. We are also cognizant of *Tims*' guidance: "The language of the diversion agreement controls appellate review of the soundness of the waiver." 302 Kan. 536, Syl. ¶ 6. From this language we deduce that the waiver of the statutory right to counsel is both significant and predicated on the actual language of the particular diversion agreement in question.

Nevertheless, we are not persuaded it is necessary in this case to determine whether proof of the validity of a prior misdemeanor DUI diversion requires a showing that the defendant was either represented by counsel at the diversion conference or

14

waived that statutory right. Our standard of review asks whether substantial competent evidence supports the district court's finding that the State has met its burden to prove the prior crime. *Hughes*, 290 Kan. at 162. We conclude that Exhibit 2 does not meet that substantial competent evidence standard.

In the present case, the State only presented Exhibit 2 as proof of the prior KCKS DUI diversion. This exhibit, although undoubtedly a uniform complaint and notice to appear, had stamped entries regarding diversion with a place for the municipal court judge's signature. Yet, this signature line was left blank and unsigned, raising questions about whether the diversion in fact had been approved by the court.

Moreover, the State did not produce a copy of the diversion agreement. As a result, the terms of the diversion agreement are unknown. In particular, there is no indication whether Portsche was represented by counsel or waived the assistance of counsel during the diversion conference or the rest of the proceedings. A copy of the diversion agreement would have provided the best evidence that Portsche was placed on diversion for DUI. In this regard, K.S.A. 2015 Supp. 12-4416(a) details the numerous terms that a municipal court diversion must contain to comply with Kansas law. In relevant part, K.S.A. 2015 Supp. 12-4416(a) provides: "The diversion agreement shall include specifically *the waiver of all rights under the law or the constitution of Kansas or of the United States to counsel*." (Emphasis added.)

Based on our reading of Exhibit 2 there is some evidence that diversion was granted, but it is not substantial. Moreover, as noted by our Supreme Court in *Tims*, without viewing the language of the diversion agreement we are limited in our ability to conduct appellate review of whether Portsche was represented by counsel at the diversion conference or whether he knowingly and voluntarily waived his statutory right.

15

We are persuaded that, under the unique circumstances of this case, the State has failed to establish by a preponderance of evidence the validity or terms of the KCKS DUI diversion agreement sufficient to prove that it constitutes a valid prior DUI conviction for purposes of sentence enhancement. Accordingly, we find there was not substantial competent evidence to support the district court's finding that the State had met its burden of proof with regard to the KCKS DUI diversion.

The district court's sentence is vacated, and the case is remanded for resentencing.