NOT DESIGNATED FOR PUBLICATION

No. 120,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEBROND A. ROSS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 1, 2019. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER, J., and LAHEY, S.J.

PER CURIAM: Gebrond A. Ross appeals his sentence following his convictions of aggravated assault and violating a protective order. For the first time on appeal, Ross contends his criminal history was incorrectly calculated because the district court included an uncounseled person misdemeanor. Upon our review of the briefs and evidence provided in the record on appeal, we find no error and affirm the sentence.

FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2018, Ross pled guilty to aggravated assault and violating a protective order. A presentencing investigation (PSI) report calculated Ross' criminal history score as B, based on one prior person felony and three person misdemeanors which were converted to a person felony. One of the converted person misdemeanors was a 2011 domestic battery conviction. Before sentencing, Ross challenged the existence of his prior person felony conviction and three person misdemeanor convictions. Ross withdrew the objection to his criminal history score, however, after the State produced journal entries memorializing the challenged convictions.

At sentencing, Ross agreed that his criminal history score was B. Using this score, the district court sentenced Ross to 29 months in prison with a concurrent 12-month jail term. Ross appeals his sentence.

While this case was pending on appeal, Ross moved the district court to add three journal entries from his prior municipal convictions to the record on appeal. After the district court denied the motion, our court ordered the district court to add the municipal court journal entries to the record. At the State's request, the district court also added the municipal court records memorializing the 2011 domestic battery conviction to the record on appeal.

ANALYSIS

On appeal, Ross contends the district court erred by using his 2011 domestic battery conviction to elevate his criminal history score. For the first time on appeal, Ross argues that the State failed to establish that he had counsel or waived his right to counsel in this 2011 municipal court proceeding.

Although Ross did not raise this objection in the district court, a challenge to a district court's criminal history score calculation presents a claim that the defendant is serving an illegal sentence. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). As a result, Ross' argument that the district court erred by aggregating his prior misdemeanor convictions to elevate his criminal history score may be raised for the first time on appeal. 292 Kan. at 630-31; see *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which an appellate court exercises unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq., a criminal sentence is based on two controlling factors:  the defendant's criminal history and the severity level of the crime committed. K.S.A. 2018 Supp. 21-6804(c). When determining a defendant's criminal history score, three person-misdemeanor convictions are aggregated to constitute one adult person-felony conviction. K.S.A. 2018 Supp. 21-6811(a). The PSI report shows that Ross has only three prior person-misdemeanor convictions. So if the district court improperly used Ross' 2011 domestic battery conviction to calculate his criminal history score, his person-misdemeanor convictions should not have been aggregated which would have resulted in a lesser criminal history score and a lesser sentence. See K.S.A. 2018 Supp. 21-6804.

Under the Sixth Amendment to the United States Constitution, a person accused of a misdemeanor has a right to counsel if the sentence to be imposed upon conviction includes a term of imprisonment, even if the jail time is suspended or conditioned upon a term of probation. This right to counsel arises at the stage of the proceedings when guilt is adjudicated, eligibility for imprisonment is established, and the prison sentence is determined. *State v. Youngblood*, 288 Kan. 659, Syl. ¶ 2, 206 P.3d 518 (2009).

3

In *Youngblood*, our Supreme Court held that an uncounseled misdemeanor conviction obtained in violation of the Sixth Amendment right to counsel may *not* be included in a defendant's criminal history for enhancement of a later criminal sentence without the defendant's knowing and intelligent waiver of the right to counsel. 288 Kan. 659, Syl. ¶ 3.

At the outset, on appeal, Ross and the State dispute which party bears the burden to show whether the 2011 domestic battery conviction was counseled. Citing K.S.A. 2018 Supp. 21-6814(c), the State argues that because Ross raises this argument for the first time on appeal, he bears the burden to prove his criminal history and show that the district court erred by using this particular conviction.

Under K.S.A. 2018 Supp. 21-6814(c), a defendant must provide immediate written notice of any error in the criminal history worksheet. The State then has the burden to prove the disputed portion of the defendant's criminal history. But "[i]f the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 2018 Supp. 21-6814(c).

Contrary to the State's position, the burden-shifting provision in K.S.A. 2018 Supp. 21-6814(c) does not apply because Ross' criminal history has not "been previously established" as that phrase is used within the statute. A defendant's criminal history is not "established" by acquiescing to or failing to object to a PSI report. *State v. Scott-Kwofie*, No. 105,108, 2011 WL 6943081, at *5 (Kan. App. 2011) (unpublished opinion).

To establish a challenged criminal history, the State must meet its burden to prove the disputed portion of the offender's criminal history after an objection by the defendant. "It is only after this type of determination on the merits has been made that the burden of proof shifts to the defendant to disprove the disputed portion of the criminal history

4

report in either the current or future cases." *State v. Semotuk*, No. 111,887, 2015 WL 5311985, at *2 (Kan. App. 2015) (unpublished opinion). Since Ross admitted his criminal history and the State was not required to prove it, his criminal history was not "established" and the burden of proof did not shift to Ross under K.S.A. 2018 Supp. 21-6814(c).

Instead, the State carries the burden at sentencing to prove a defendant's criminal history score by a preponderance of the evidence. *State v. Hughes*, 290 Kan. 159, 162, 224 P.3d 1149 (2010). This is true even when the defendant fails to object to his or her criminal history score. *State v. Ewing*, 310 Kan. 348, 360, 446 P.3d 463, 471 (2019). Of particular importance to this appeal, the State continues to bear the burden of proof through the defendant's direct appeal. *Neal*, 292 Kan. at 633.

Ordinarily, when a defendant files a direct appeal arguing that the State failed to establish the defendant was represented by counsel in a prior case involving a misdemeanor conviction, an appellate court reviews whether substantial competent evidence supported the district court's finding that the defendant was represented by counsel. See, e.g., *State v. Otero*, No. 114,762, 2017 WL 4183208, at *10 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 992 (2018); *State v. Coleman*, No. 104,530, 2012 WL 307346, at *5 (Kan. App. 2012) (unpublished opinion). But in these cases, the defendants objected to including prior misdemeanors in their criminal history at sentencing, which then required the State to present evidence and the district court to make specific findings that counsel represented them in the prior cases. See *State v. Jones*, No. 116,240, 2017 WL 5507795, at *1 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1598 (2018).

In this case, however, Ross raises the argument that the district court erred by including an uncounseled person misdemeanor in his criminal history for the first time on appeal. As a result, the State was not required to produce evidence below, and the district

court never explicitly found that Ross was provided counsel in the 2011 domestic battery case.

Our court has taken different approaches to resolving similar sentencing appeals. For example, in one case, we remanded the matter to the district court for an evidentiary hearing on the issue of whether the challenged conviction was uncounseled. *State v. Martinez*, No. 110,650, 2014 WL 5801066, at *3 (Kan. App. 2014) (unpublished opinion). But unlike in *Martinez*, here the State added documents to the record on appeal which reflect that Ross had counsel in his 2011 domestic battery case. As a result, this case more resembles *State v. Taylor*, No. 107,150, 2013 WL 1010314, at *2 (Kan. App. 2013) (unpublished opinion), where our court addressed the sentencing issue for the first time on appeal and found that substantial competent evidence supported the finding that Taylor had representation in court at the time he was convicted of the misdemeanor offense. Under the unique circumstances presented by this appeal, we will employ the analytical approach used in *Taylor*.

Since Ross raises this issue on direct appeal, the State bears the burden to prove his criminal history score by a preponderance of the evidence. On appeal, our court reviews the record to determine whether substantial competent evidence supported the district court's finding that the State met its burden. *Hughes*, 290 Kan. at 162. Substantial competent evidence is such legal and relevant evidence that a reasonable person could accept as sufficient to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019).

After Ross raised this issue on appeal, the State included certified municipal court records from Ross' 2011 domestic battery conviction. The journal entry reflects that "CPD"—a typical abbreviation for a city public defender—represented Ross and entered an appearance more than a month before Ross pled no contest. Likewise, a record sheet reveals that the municipal court appointed Ross a public defender before the court found

6

him guilty. The record sheet states that "ATTY MCLEMORE CPD, PAMELA A" was present at Ross' bench trial held on August 9, 2011, with sentencing occurring on that same date.

Ross first argues that we should consider only the journal entry and not the record sheet from his 2011 domestic battery conviction. But contrary to his contention, a journal entry is not the only permissible evidence that may prove a defendant's criminal history. Instead, the State may use other certified documents to establish prior convictions. *State v. Presha*, 27 Kan. App. 2d 645, 647-48, 8 P.3d 14 (2000); *State v. Riley*, No. 107,393, 2012 WL 6762008, at *3 (Kan. App. 2012) (unpublished opinion).

Relying on *Neal* and *Coleman*, Ross next asserts the State provided insufficient evidence to show that his 2011 domestic battery conviction was counseled. In *Neal*, the defendant moved to correct an illegal sentence based on uncounseled misdemeanors and claimed that he entered uncounseled guilty pleas. Our Supreme Court held that an entry on a disposition sheet stating "P. Journey, CPD," was insufficient to show that Neal was represented by counsel at the time of his conviction. *Neal*, 292 Kan. at 635-36. Although the journal entry indicated that counsel had entered his appearance on a specific date— that date was after Neal's conviction had occurred. Because it was uncertain that Neal had counsel at the time he pleaded guilty and was convicted, our Supreme Court remanded the case to the district court to hold an evidentiary hearing. 292 Kan. at 640.

Unlike the journal entry in *Neal*, the journal entry here reflects that counsel represented Ross before his no-contest plea and sentencing. Moreover, the record sheet demonstrates that Ross' counsel—Pamela A. McLemore—appeared in court to represent Ross during a bench trial on the same date that Ross was found guilty and sentenced. As a result, unlike *Neal*, there is no uncertainty about the timing of McLemore's representation of Ross.

7

Likewise, the State's evidence in this case is significantly different from the evidence produced in *Coleman*. The defendant in *Coleman* objected to his criminal history score at sentencing and argued his municipal court conviction was uncounseled. The State produced a copy of a journal entry from that conviction which had the initials "CPD" written on the line for Coleman's defense attorney. But unlike this case on appeal, the journal entry in *Coleman* was not dated and the name of the attorney who purportedly represented the defendant was not identified. Additionally, unlike this case, Coleman testified that he believed he did not have an attorney at the time of the prior conviction.

Our court ultimately concluded that the absence of a date and an attorney's name rendered the journal entry more deficient than the disposition sheet in *Neal*. *Coleman*, 2012 WL 307346, at *5-6. Once again, the journal entry here shows that Ross was represented before he was convicted and the record sheet evidences that McLemore was present as counsel when Ross was found guilty and sentenced in the 2011 domestic battery case.

Upon our review, we are persuaded that the State presented substantial competent evidence upon which a reasonable finder of fact could find it more probably true than not true that Ross was represented by counsel in his 2011 domestic battery conviction. Given this finding that the misdemeanor conviction was counseled, the district court did not err by aggregating it with the other two misdemeanor convictions to constitute a person felony for criminal history purposes. As a result, we hold the sentence imposed in this case is not illegal.

Affirmed.